CITY OF INDEPENDENCE v. T. P. TROUVALLE.

1. CITY MARSHAL; *City Liable to Marshal for Services Rendered Under Ordinance.* Where an ordinance of a city of the second class, in 1872, prohibited dogs from running at large in any public place in said city unless the owner of each dog should first pay to the city a tax, and should cause a collar and check (which were to be furnished by the city) to be worn by each dog; and said ordinance made it the duty of the city marshal to kill and bury every dog found running at large in violation of said ordinance, and provided that the marshal should receive from the city as compensation for his services in this respect one dollar for each and every dog killed and buried: *held*, that the marshal has a right to recover from the city in a proper action therefor, one dollar for each and every dog he has actually killed and buried in accordance with the provisions of said ordinance.

2. ORDINANCES — *How Proven.* It was not error for the court below to permit, in such an action, the ordinance to be proved by the introduction of the original "Ordinance Book" of said city.

3. JUDGMENTS AGAINST CITIES — *How Collected.* Where no provision is made by statute for the collection of judgments against cities of the second class, it would seem that an execution may issue on such judgments.

*Error from Montgomery District Court.*

AT the December Term 1873 of the district court, *Trouvalle*, as plaintiff, recovered a judgment against the *City of Independ-*

*ence* for $168, and costs, and execution was awarded on the judgment. The city appeals, and brings the case here. The facts are fully stated in the opinion.

*Nathan Cree,* for plaintiff in error:

1. That portion of the ordinance which gives the city marshal one dollar for each dog killed and buried is void. The power to give compensation for killing dogs, cannot be derived from the authority conferred upon the city to regulate the compensation of the city marshal. (Laws of 1872, page 197.) The mayor and council had no more power to prescribe by ordinance the duties of the marshal than of the mayor, police judge, justices of the peace, or constables. They had as much power to make it the duty of the mayor to kill and bury dogs, as to force that duty upon the marshal. A corporation cannot enlarge its own powers. Dillon on Munic. Corp. § 231. Sec. 6 of the ordinance making it the duty of the marshal to kill dogs, is *ultra vires,* and confers no right to sue for fees. The compensation of the marshal must be regulated by ordinance. (Laws of 1872, p. 197.) Does not this provision require that there must be a separate ordinance or ordinances for that purpose, and exclude the power of the council to insert regulations on that subject, through the ordinances at will, making perhaps a dozen disjointed regulations concerning the compensation of officers? The duties of the marshal are fixed by the statute, and the mayor and council have no power to add to them; the compensation allowed to the marshal as such, by the city, must be for the services fixed by the statute, and none other.

2. We deny the power of the mayor and council to authorize the marshal to destroy dogs in the manner pointed out in this ordinance. Well-settled principles applicable to the forfeiture of animals running at large, require some notice to the owners, some inquiry to first determine whether he was permitting animals owned or harbored by him to run at large contrary to the provisions of the ordinance, and some warrant issuing from the council or police judge to destroy dogs

found at large unlawfully. By the terms of the ordinance in question the marshal is made the sole judge of all facts constituting a violation of the ordinance. He may determine without any notice to the owner of the animal, and without any inquiry, whether or not such owner is violating an ordinance, and upon such determination may destroy his property. The power to make such regulations has not been delegated to any of our municipal corporations. (See Dillon on Corp. §§ 281 to 286.)

3. The court erred in permitting the ordinance to be read to the jury. Sec. 10 of the second-class-city act does not pretend to make the "ordinance book" evidence, but merely means to provide a method of directing the inquirer to the sources of evidence. If that section makes the ordinance book evidence of the existence of an ordinance, then it also makes it evidence of the passage and publication of the ordinance, for these too must be set forth in the ordinance book. It can hardly be claimed that the legislature meant to do that.

4. It was error to award execution against the city. Property of a municipal corporation cannot be sold on execution. (Dillon on Corp. § 64; 45 Ill. 133.) Error will lie upon an award of execution. 12 Penn. St. 251; 1 Hemp. 62; Powell on Appellate Proceedings, 155.

*Armstrong & Gamble*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On June 27th 1872 the city of Independence, a city of the second class, passed an ordinance, that no dog should be permitted to run at large in any public place in said city unless the owner of the dog should first pay to the city a tax of one dollar for each male owned by him, and five dollars for each female, and should cause a collar and check, which were to be provided by the city, to be worn by each dog. Said ordinance also made it the duty of the city marshal to kill and bury every dog found running at

large in violation of said ordinance, and also provided that the marshal should receive from the city as compensation for his services in this respect one dollar for each and every dog killed and buried. Under this ordinance, and from July 9th to December 30th 1872, the marshal killed and buried 168 dogs. The city then refused to pay him for his services. He then commenced this action to recover for the same. The plaintiff in error in its brief says: "The defendant in error brought suit against the plaintiff in error in a justice's court to recover the sum of $168 for services as marshal of the plaintiff in error, under an ordinance. Judgment for that amount was rendered in favor of plaintiff. Defendant appealed to the district court, where the case was tried at the December Term 1873, and judgment for the amount claimed, $168, was there rendered." The city then brought the case to this court on petition in error.

The city now claims that said ordinance is illegal and void, and imposes no binding obligation upon the city to pay for services rendered under it. It sometimes happens that municipal corporations, as well as individuals, believe that it is eminently legal to incur obligations, but manifestly illegal to fulfill them. This is a kind of frugal respect for law eminently beneficial to those who can successfully exercise it, but not so congenial to those who must innocently suffer by it. Hence, what may seem to be a commendable example of prudential economy by the party pleading the illegality, may be regarded as a pernicious example of moral obliquity by the other. We perceive no sufficient reason why the plaintiff cannot recover in this case. No sufficient reason has been given, and we perceive none, why said ordinance should be held to be invalid, so far at least as it affects any question involved in this case. It should certainly not be held to be invalid because of the sacredness of the property that may be held in dogs. Property in dogs is of such a low character that it is hardly considered as property at all. And a vast number of dogs running at large upon the public streets, without any known owner, is always considered as a nuisance.

6—15 KAS.

We do not suppose that property in dogs is of such a sacred character that dogs found running at large upon the public streets, in violation of a city ordinance, cannot be destroyed, but must be taken up and impounded, as a cow or other more valuable animal, and notice thereof given to the owner, and that the dogs must then be offered for sale at public auction, to the highest bidder, if the owners thereof (if they have any) should not in a reasonable time pay charges and take them away. The ordinance is made for dogs owned and kept in the city of Independence, and not for dogs casually there. And we must presume, as the record comes to us, that no dog was killed except such as the marshal had a right to kill.

It was not error for the court below to permit said ordinance to be proved by the introduction of the original "ordinance book" of the city.

There seems to be no provision made by statute for the collection of judgments against cities of the second class. If this is so, then we suppose an execution may issue on such judgments.

The judgment of the court below is affirmed.

All the Justices concurring.