E. B. STEVENS, *as Mayor of the City of Parsons, et al.,* v. WILLIAM MILLER *et al.*

No. 71.

1. MANDAMUS *Defined—no Bond for Costs Required.* Mandamus to a municipal corporation to levy a tax for the purpose of paying a judgment against such corporation is in the nature of an execution to enforce such judgment, and does not require a bond for costs where such has already been given in the original action.

2. —————— *Amendment of Writ.* It is within the discretion of the trial court to permit an amendment to an alternative writ of *mandamus,* and where such amendment is allowed with notice to the opposite party there is no abuse of such discretion.

3. —————— *Extent of Inquiry.* The validity of the original judgment and all supplementary proceedings thereon cannot be inquired into upon *mandamus* proceedings to enforce the same.

4. —————— *Answer Must Contain All Defenses.* A party on whom an alternative writ of *mandamus* is served must set up in his answer to the same all reasons relied upon for noncompliance with the commands of the writ, and cannot be heard to urge any defense in this court not alleged in such answer.

5. —— *Jurisdiction of District Court.* The district court has the power to compel by *mandamus* the mayor and council of a city of the second class to levy a tax for the payment of a judgment rendered against such city.

MEMORANDUM.—Error from Labette district court; J. D. McCue, judge. Action by William Miller, and John H. Lyles, as guardian of Rose E. Miller, against the mayor and council of the city of Parsons for a writ of *mandamus*. Writ granted. Defendants bring the case to this court. Affirmed. The opinion herein, filed January 11, 1896, states the material facts.

*W. D. Atkinson*, for plaintiffs in error.

*M. Byrne*, for defendants in error.

The opinion of the court was delivered by

COLE, J.: On October 19, 1888, Ida L. Miller recovered a judgment against the city of Parsons for injuries received upon a defective sidewalk in said city. On November 19, 1888, said Ida L. Miller died intestate, leaving as her heirs at law her husband and one child. On March 4, 1889, the action was revived in the names of William Miller, husband of Ida L. Miller, deceased, and John H. Lyles, guardian of said minor child. Said revivor was had upon due notice to the defendant and appearance by its attorney, and without objection upon the part of the defendant. Thereupon the city of Parsons made a case for the supreme court, which was, on March 29, 1890, dismissed by said court. On May 6, 1890, a petition was presented to the district court of Labette county, for an alternative writ of *mandamus* to compel the levy of a tax for the payment of said judgment. The alternative writ was granted on said date, and on the 22d day of May the city of Parsons appeared in the district court and filed a motion

13—KAN. APP.

to quash said writ for reasons contained in the motion; and thereupon, on the 25th day of May, the district court, upon motion of the plaintiffs below, allowed the said writ to be amended, the defendant being present by its attorney and having notice of said amendment. The defendant then filed its answer and return, which consisted of a general denial and an allegation that the revivor proceedings were had without notice to the defendant City of Parsons; that the same were void; that plaintiffs had no interest in the said judgment, and that the said city did not owe and could not safely pay any part of the same to them. Upon the hearing of said cause a peremptory writ was allowed, and from the order allowing the same the city of Parsons brings the case here for review.

The first ruling complained of is the refusal of the trial court to quash the alternative writ of *mandamus* for the reason that no poverty affidavit, bond for costs or security of any kind for payment of costs had been given in said action. The ruling of the trial court was correct. *Mandamus* to a municipal corporation to levy a tax for the purpose of paying a judgment rendered against such corporation is in the nature of an execution to enforce such judgment, and, where the requirements of the statute have been met in the main action, no separate bond for costs or poverty affidavit is necessary in the *mandamus* proceedings which are a part thereof. ( Dill. Mun. Corp., 4th ed., § 861.)

The next assignment of error is the ruling of the court permitting the plaintiffs below to amend said alternative writ, and proceed upon the same without service of the amended writ upon the plaintiffs in error. Paragraph 4810, General Statutes of 1889, provides that the pleadings in a *mandamus* proceeding are to be considered and are to be amended in the

same manner as pleadings in a civil action. The
amendment permitted, then, would be the same as an
amendment to a petition in an original action, which
is clearly within the discretion of the court, and, hav-
been made in this case with notice to the defendants
below, there was no abuse of such discretion. The
record does not disclose that any further time was
asked by the city to answer the amended writ. Had
there been, the court would undoubtedly have granted
such request.

The next ruling complained of is the overruling of
the objection to the introduction of evidence under the
amended writ, for the reason that the writ recited
that the judgment obtained against the city had been
revived in the names of the heirs at law and not the
personal representative. The record discloses that on
the 7th day of May, which was the day following the
issuing of the alternative writ, proceedings had been
taken for the appointment of an administrator of the
estate of Ida L. Miller, deceased. This, however, was
some time after the revivor had been had in the names
of the heirs at law upon notice to the defendant below,
and at a time when the city was represented at the
hearing, and offered no objection to the revivor in the
manner requested. Under such circumstances as
these, we are of the opinion that the city was in no
position to question either the validity of the judg-
ment rendered or the order of revivor. As to the
former, it had had its day in court, and the judg-
ment had become final by the decision of the supreme
court, and as to the latter, it had been present upon
notice, and permitted, without objection, the said
order of revivor, and those proceedings were *res judicata*
in this hearing, and could not be inquired into.

Counsel for plaintiffs in error urges that evidence

should not have been permitted to be introduced under said writ, for the reason that said writ nowhere showed any legal obligation on the part of the plaintiffs in error either to appropriate money or levy a tax; that the writ does not recite that execution had been issued and returned unsatisfied, or that there was money in the treasury with which to pay the same, needing only an appropriation therefor, or that a levy of a tax within the limits provided by law would raise money that could be applied toward the payment of this judgment. The writ recites the rendition of the judgment and its revivor in the names of the plaintiffs below, a request on the part of said plaintiffs to the mayor and council of the city of Parsons to pass an ordinance for the appropriation of money for the payment of said judgment, and the refusal upon the part of said mayor and council to comply with such request, and asks that the mayor and council be commanded to meet in their official capacity to levy a tax upon the taxable property of the city sufficient to pay said judgment and costs, and to cause the same to be collected and paid in satisfaction of said judgment, according to the direction of the statute in such case made and provided. We are of the opinion that the allegations of the writ were sufficient. They stated the rendition of a judgment in due form against said city, which judgment had become final, and a demand upon the proper authorities that they perform their duties as public officials in order that this indebtedness of the city might be paid. It appears to us that, if the objections now raised to the writ were good in law, and were sufficient reasons for noncompliance with the commands of the writ, they should have been set up in the answer of the city as an excuse and a defense. The city does not allege in its answer

that the mayor and the council have no authority at law to do the act which is commanded, nor does it allege that the city had property which can be reached by execution for the payment of this judgment. As a rule, a city owns no property subject to execution, but only such as is necessary for the protection and welfare of its citizens. And, as a rule, the manner of collecting money for the payment of a city's indebtedness is by taxation, and we know of no other method in this state for the collection of such indebtedness from a city of the second class, and, while it has been held in some states that execution may issue, we believe it is the doctrine of most states and the best text-writers that the only proper means is by taxation. We have also in mind the opinion of the court, delivered by VALENTINE, J., in the case of the *City of Independence v. Trouvalle*, 15 Kan. 70, and shall consider that opinion further hereafter. In any event, we consider that the objections now raised were such as should have been stated in answer to the writ, and cannot be here urged for the first time. In the case of *The State, ex rel., v. City of Milwaukee*, 20 Wis. 87, the court says:

"It appears to us that a sufficient demand and refusal is alleged by the relator; and it does not appear from any law or the charter of the city that the common council have not the power to raise by tax money to pay the judgment of the relator. If they have not, they can show this by way of answer." (See, also, 2 Beach, Pub. Corp., § 1420.)

We come, now, to the important question involved in this case, and that is: Can the district court compel by writ of *mandamus* the levying of a tax by the mayor and council of a city of the second class to provide the necessary funds for the payment of a judgment rendered against said city in an action for

damages occasioned by the negligence of said city? While we are of the opinion in this case that plaintiffs in error are hardly in position, under their answer to the writ, to raise this question, we are not willing to decide that they are not, and the question is one of considerable importance to the state at large, and ought to be squarely considered. It is claimed by counsel for plaintiffs in error that the only method of collecting such a judgment against a city of the second class in this state is by execution, and counsel relies to support that proposition upon the case of *City of Independence v. Trouvalle*, supra. In that case an action was brought against the city for services performed by the marshal under an ordinance relating to the killing of dogs, and judgment was obtained against the city and execution awarded. The question of the right to issue execution was not the main point in issue, although it was argued in the supreme court. VALENTINE, J., in delivering the opinion of the court, says :

"There seems to be no provision made by statute for the collection of judgments against cities of the second class. If this is so, then we suppose an execution may issue on such judgments."

It does not appear to be fully decided by this case whether there are any provisions of our statute for the collection of judgments or whether the issuing of an execution is necessary or proper in such a case. Both questions seem to be left in doubt. But in the later cases of *Switzer v. City of Wellington*, 40 Kan. 250, and *National Bank v. City of Ottawa*, 43 Kan. 294, our supreme court has held that a city of the second class was not liable as garnishee, which is in the nature of an execution. The usual method of collecting a judgment against a municipality being by taxation, it

must be assumed in this case that the only way, if any, is by the proper officials levying a tax for that purpose. Our constitution, section 4, article 11, provides:

"No tax shall be levied except in pursuance of law, which shall distinctly state the object of the same; to which object only such tax shall be applied."

Any authority, therefore, relied upon to support the position that the levy of a tax is authorized for that purpose must be either express or so clearly implied as not to conflict with this constitutional provision. In his work on Public Corporations, volume 2, section 1418, Mr. Beach lays down the rule as follows:

"Though a municipality cannot exceed a limitation imposed by the legislature, and can only be compelled to exercise the powers conferred upon it by the laws of the state, yet a creditor is entitled to have the *whole power of the corporation* exerted for the payment of a judgment; and where a city council has a discretion as to the amount of tax which it is authorized to levy for ordinary purposes, it must, if necessary, exercise all the power which it has to pay a judgment obtained against the municipality."

In support of this doctrine are the cases of *Butz v. Muscatine*, 8 Wall. 575; *Coy v. Lyons*, 17 Iowa, 1; *Commonwealth v. Pittsburgh*, 34 Pa. St. 496; *Iowa Rld. Co. v. Sac Co.*, 39 Iowa, 124. It is a violent presumption that our constitution and statutes have left a person without remedy for the collection of a judgment obtained against a municipality where, as in this case, there is no showing that it has any property out of which such judgment can be made. In the light of the above authorities, it would seem, in the absence of a showing that the council has already levied the full amount permitted by law for *general revenue purposes*, that a levy for this purpose might be made un-

der paragraph 788, General Statutes of 1889, which, so far as it is applicable, reads as follows :

"To levy and collect taxes for general revenue purposes not to exceed 10 mills on the dollar in any one year, on all the real, mixed and personal property within the limits of said cities, taxable according to the laws of this state."

The words "general revenue purposes" certainly mean the same as "ordinary purposes."

Again, paragraph 793, General Statutes of 1889, provides as follows :

"The council may appropriate money and provide for the payment of the debts and expenses of the city, and when necessary may provide for issuing bonds for the purpose of funding any and all indebtedness now existing or hereafter created : *Provided*, That said bonds shall be payable in not less than 10 years nor more than 20 years from the date of their issue, and that said bonds shall bear interest at a rate not exceeding 10 per cent. per annum, with interest coupons attached, payable annually or semiannually : *And provided further*, That said bonds shall not be issued for the purpose of funding said indebtedness of the city, unless for every dollar of the outstanding scrip, orders, bonds, coupons, judgments, or other evidence of indebtedness, the city shall issue in exchange therefor such bonds at dollar for dollar. The council shall levy taxes on all the property in the city in addition to other taxes for the payment of said coupons as they become due, and the taxes levied to pay the same shall be payable only in cash."

It seems clear to us that the greater power certainly includes the lesser, and that under this section, which expressly provides that the council may appropriate money for the payment of the debts and the expenses of the city, including judgments, and in so doing may even issue bonds of said city and then levy a tax upon all the property in the city for the purpose of

paying said bonds issued to pay a judgment, they would certainly have the power to levy the tax in the first instance to pay the same judgment.   In this case, the amount of the demand against the city has been conclusively fixed by judgment, and its proper authorities have refused to provide any means for the payment thereof.   We are of the opinion that *mandamus*, which, after judgment, is wholly in the nature of an execution, was the proper remedy, and that, under the facts admitted and established in this case, the ruling of the district court granting a peremptory writ was right, and should therefore be upheld.

The judgment of the district court is affirmed.

All the Judges concurring.