THE STATE OF KANSAS, *ex rel.*, v. THE CITY OF EMPORIA *et al.*

No. 10700.

CONSTITUTION, ART. XI, SEC. 4 — *applies to all taxes levied by legislative authority including city taxes.* Funds derived from a tax levy made by a city of the second class, under a statute and a city ordinance, for the erection of a permanent public building, cannot be transferred by the city council to the general fund for current expenses, or diverted to any purpose other than that for which the tax was levied. State Const., Art. XI, Sec. 4.

*Error from Lyon District Court.*
*Hon. W. A. Randolph, Judge.*

REVERSED AND REMANDED.     OPINION FILED FEBRUARY 6, 1897.

*W. C. Simpson, L. B. & J. M. Kellogg* and *Graves & Dickson,* for plaintiff in error.

*Buck & Spencer,* for defendants in error.

JOHNSTON, J.   This is an action brought by the State of Kansas, on the relation of the County Attorney, against the City of Emporia, its Mayor, City Clerk, City Treasurer, and the Councilmen of said city, to restrain them from transferring a certain fund, raised by taxation for the erection of a city building, to the general fund, and the disbursement of the same for purposes other than the erection of a city building.

On August 19, 1895, an ordinance was duly enacted levying a tax of two and one-half mills on the dollar on all property within the city for the purpose of raising a building-fund, which it was provided should be "used only for the erection of a city building." In pursuance of the ordinance the tax was levied and extended on the tax-roll, and the amount collected was $5,900, which has since been carried on the treasurer's books and known as the "building-fund." No steps were taken by the mayor and council for erecting a building, although it is conceded that the City of Emporia has no adequate city building and is compelled to rent rooms for its officers. In July, 1896, the Mayor and Council undertook to transfer the money derived from the levy to the general fund; and, to that end, submitted to the electors of the city the question whether such transfer should be made. At the election 287 votes were cast

in favor of the proposition and .223 votes against it.
Emporia is a city of the second class, and has a popu-
lation of about 9,000, and the usual vote in the city is
about 2,000. When the action was begun, a temporary
restraining order was issued, requiring the defendants
to refrain from transferring the fund, or from paying
out any portion of it for any purpose other than the
erection of a city building. At a hearing subsequently
had, a temporary injunction was denied; and of this
ruling the plaintiff complains.

We think the transfer would have been an im-
proper diversion of the public moneys. The City ex-
ists under a general law of the State, and the tax for
the erection of a city building was levied under an
ordinance passed in pursuance of a general law. The
authority for the erection of city buildings and the
provision of a fund for that purpose is explicit and
unquestioned. ¶ 813, Gen. Stat. 1889. The trans-
fer of the building fund derived from the levy to the
general fund, with or without a vote of the electors,
would be a direct violation of section 4, article 11, of
the State Constitution, which provides that "no tax
shall be levied except in pursuance of a law, which
shall distinctly state the object of the same; to which
object only such tax shall be applied." *Graham, State
Treasurer, v. Horton*, 6 Kan. 343; *The State, ex rel., v.
Comm'rs of Marion Co.*, 21 id. 419; *National Bank v.
Barber, Treas.*, etc., 24 id. 534. The tax was levied in
pursuance of a State law, supplemented by a local
law of the city, and for a specific object; and even
the ordinance making the levy provided that the fund
derived from the tax should "be used only for the
erection of a city building." The transfer of the
building fund to the general fund would be a clear
misapplication, a diversion to a wholly different ob-

ject.   The general fund is provided to meet the current expenses of the city, while the erection of a permanent building is an extraordinary and exceptional expense, and is not intended to be covered by the general fund. *The State, ex rel., v. Comm'rs of Marion Co.*, supra.   The levy for the public building was independent of, and additional to, that made for general purposes ; and, as to the latter, there is an express limitation.   ¶ 796, Gen. Stat. 1889.   A transfer of the building fund to the general fund by the city officers, if permitted, would make it possible for them to wholly defeat the limitation of the statute.   If that were allowed, the officers, after levying up to the full limit of the law for general purposes, could transfer into the general fund a fund levied and provided for another purpose, and thus destroy the limitation and thwart the legislative will.   No reason is seen why funds derived from municipal taxation are not protected, to the same extent as any other, by the constitutional limitation prohibiting the application of such funds to purposes other than those for which they were levied.   They are raised by legislative authority, and constitute a large part of the taxes levied and collected within the State.   The constitutional provision was designed to prevent the misapplication of all taxes levied in pursuance of law ; and it is easy to understand that taxes levied by city councils need the same protection, and as many safeguards, as other taxes, levied by county commissioners or other officers.

We think the injunction should have been granted, and therefore the judgment of the District Court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.