No. 19,207.

C. N. SUPER, *Plaintiff*, v. RILEY TADLOCK et al., as THE TOWNSHIP BOARD OF MODELL TOWNSHIP, IN NORTON COUNTY, *Defendants.*

### OPINION ON REHEARING.

#### HEADNOTE BY THE REPORTER.

TAXATION—*Authority of Township to Levy Taxes to Pay Judgment for Damages.* The original decision (*Super v. Modell Township*, 92 Kan. 979), holding that a tax to pay a judgment against a township for damages caused by a defective road is in the classification of "other purposes" provided for in the statute, and may be levied in addition to the levy for township purposes, is adhered to.

Original proceeding in mandamus. Opinion on rehearing filed March 6, 1915. Original decision allowing writ adhered to.

*W. L. Sayers,* of Hill City, for the plaintiff.
*L. H. Thompson,* of Norton, for the defendants.

The opinion of the court was delivered by

WEST, J.: The defendants seek by this rehearing to have reconsidered the rule announced in the former decision (*Super v. Modell Township,* 92 Kan. 979), that township taxes may be levied to pay a judgment recovered for injuries received by reason of a defective highway, under the classification of "other purposes" found in section 9584 of the General Statutes of 1909, which provides that the trustee shall at the July session of the board of county commissioners, annually, with the advice and concurrence of the board, levy a tax on the property in the township "for township road and other purposes." It is insisted that the former decision was wrong in that the words "other purposes" were given an elasticity of meaning not justified by the constitution, statute and decisions.

The theory of the former ruling was that the legislature has made townships liable for injuries caused by defective highways; that such liability is not an ordinary township expense; that no special provision is made for the levying of a tax to pay such a claim; that by section 9423 of the General Statutes of 1909 the township trustees are empowered to determine and fix the rate of levy and taxation in their respective townships for township purposes and to levy a tax for township purposes not to exceed three-fourths of a mill on the dollar, the next section providing for the levying of a tax not exceeding three-fourths of a mill for the creation of a fund to improve roads and highways and to be kept separate from other township funds; that the township had power to levy for other purposes before these provisions were enacted (Laws 1909, ch. 256, § 1) and they do not limit such authority.

When the townships were first made liable for injuries of this kind (Laws 1887, ch. 335) their authority to levy taxes covered "township, road and other purposes," and as no separate provision has been made authorizing a levy for the express purpose of paying such claims it seems fair to presume that the legislature deemed the general authority to levy for "other purposes" sufficient to provide a fund to pay such damages or judgments recovered therefor. It has frequently been said that when a special liability is cast on a municipality by a statute an implication arises of authority to tax for its payment unless such authority be expressly withheld. (*Rose v. McKie*, 145 Fed. 584, syl. ¶ 2, 591.) The question has been reëxamined and the majority of the court adhere to the former decision.

WEST, J. (dissenting) : A careful reëxamination of the question presented has so increased the doubt I had of the correctness of the former opinion as to lead to a dissent from the rule therein announced.

Ever since the year 1860, the language "township

road and other purposes" has substantially marked and bounded the authority of the township taxing power. (Laws 1860, ch. 128, § 4, subdiv. 10; Compiled Laws, 1862, ch. 203, § 4, subdiv. 10; Gen. Stat. 1868, ch. 110, § 22, subdiv. 8; Compiled Laws, 1879, § 5988, subdiv. 8; Compiled Laws, 1885, § 6440, subdiv. 8; Gen. Stat. 1909, § 9584, subdiv. 8.)

That the legislature has not regarded this language as sufficient to authorize a levy for all purposes appears plainly from the following considerations:

The act creating the office of county engineer of highways and bridges (Laws 1909, ch. 198, Gen. Stat. 1909, § 7328 *et seq.*) provides that for carrying out its purposes the highway commissioner shall recommend each year a levy of not more than one mill on the dollar on all property of the township (Gen. Stat. 1909, § 7337).

Section 7346 of the General Statutes of 1909 (Laws 1903, ch. 491, § 1) expressly authorizes a levy of a road tax not exceeding three mills to be kept separate from township funds.

Sections 9423 and 9424 (Laws 1909, ch. 256, §§ 1, 2) authorize a levy for township purposes not to exceed three-fourths of a mill and a levy for improvement of roads and highways not exceeding the same amount, the latter to be kept separate from other township funds.

Section 9637 (Laws 1889, ch. 169, § 1) authorizes a levy of a library fund not to exceed three mills for the erection and maintenance of a free library and reading room by the township. This would seem quite clearly to be among "other purposes."

Section 9643 (Laws 1909, ch. 260, § 1) authorizes a tax to pay interest and provide a sinking fund for bonds authorized to be issued for a park or cemetery, and also a levy not exceeding two mills a year to provide a contingent fund for the expenses of such grounds.

Section 9558 (Laws 1909, ch. 259, § 1) authorizes or seems to authorize the levy of a tax, when approved by popular vote, to erect a township building costing, with the ground, not more than five thousand dollars.

Section 9658 (Laws 1909, ch. 181, § 2) provides for the levy of a tax by the county commissioners, on the estimate of the township trustees, not exceeding seventy cents on the hundred dollars valuation of property in the township, to pay the expenses of exterminating prairie-dogs.

Section 34 of chapter 248 of the Laws of 1911 provides for the recommending by the highway commissioners to the county commissioners of a levy not exceeding three mills to carry out the purposes of the act, and requires that at least seventy-five per cent of the fund thus raised be used to improve rural route and township roads, while section 35 requires the appropriation of the remainder to the building of bridges, repairing of roads and the purchase of necessary machinery. So, plainly, none of the road fund thus provided could be used for general township purposes or to pay its judgments or other debts.

Section 4 of article 11 of the constitution provides that "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied."

In *City of Leavenworth and others v. Norton and others,* 1 Kan. 432, it was held that the statute expressly authorized the city to levy taxes to the extent of five mills and for general revenue, one mill for the purchase of lots to erect schoolhouses and one for the support of common schools, but left the city without authority to levy additional taxes for hospitals, poor houses, market houses, etc., although by its terms it authorized the city to erect, establish and locate such buildings, and provide for the government and support of the same. It was said that to the extent of the power expressly given the city could only go; that as

to the remainder of the taxes they could not be justified on the ground that they were implied because it was made the duty of the city to erect the buildings mentioned. "All powers not expressly granted by the charter, or necessary to carry out the powers expressly granted, are denied." (p. 436.)

In *Burnes and others v. The Mayor and City Council of Atchison and others,* 2 Kan. 454, this decision was followed. In the opinion it was said that the general power of the city government was limited to one per cent and there was no provision for any special tax for railroad purposes. "It is argued that the power being given to subscribe for stock, the power to levy a tax to pay for such stock must be implied from its necessity. It would be better logic to say that the limitation on the power of taxation is and was intended to be a check upon the public expenditures of the city for railroad stock, as well as other purposes." (p. 489.)

In *Stevens v. Miller,* 3 Kan. App. 192, 43 Pac. 439, it was said, after quoting the constitutional provision under consideration:

"Any authority, therefore, relied upon to support the position that the levy of a tax is authorized for that purpose must be either express or so clearly implied as not to conflict with this constitutional provision." (p. 199.)

In *A. T. & S. F. Rld. Co. v. Woodcock, Treasurer,* 18 Kan. 20, the opinion, after quoting this section, continues:

"Now the tax in question in this case was not only not *levied* 'in pursuance of a law,' but it is not *sustained* by any law which 'distinctly states the object of the same.' This we think is fatal to the tax. . . . But still, it is probably necessary in all cases that every tax should be sustained by some law which should distinctly state the object of such tax. This would seem to be necessary under said section 4 of article 11 of the constitution." (p. 23.)

In *Phelps v. Lodge,* 60 Kan. 122, 55 Pac. 840, it was held that a city which owed a judgment and had statu-

tory authority to appropriate money and provide for the payment of the debts and expenses of the city owed the duty to pay, the performance of which duty could be compelled by mandamus. But it was expressly said in the opinion that the assessed valuation of the city was not sufficient to admit of the payment of the judgment by one levy within the limitation allowed by law, thus clearly recognizing a statutory limitation, which can not be more binding than the one found in the constitution.

The doctrine that the placing of a liability upon a municipality implies the authority to pay the same by taxation is and of necessity must be of limited application. In *Loan Association v. Topeka,* 87 U. S. 655, 22 L. Ed. 455, it was said by Mr. Justice Miller:

"It is, therefore, to be inferred that when the legislature of the state authorizes a county or city to contract a debt by bond, it intends to authorize it to levy such taxes as are necessary to pay the debt, unless there is in the act itself, or in some general statute, a limitation upon the power of taxation which repels such an inference." (p. 660.)

By how much the more must such inference be repelled when it is expressly found in the constitution prohibiting the levy of a tax except in pursuance of a law "which shall distinctly state the object of the same."

The rule was stated in another way by Chief Justice Waite in *Ralls County Court v. United States,* 105 U. S. 733, 26 L. Ed. 1220, that when authority is granted for contracting an extraordinary debt by the issuing of negotiable securities the power to levy taxes and meet the obligations is conclusively implied "unless the law which confers the authority, or some general law in force at the time, clearly manifests a contrary legislative intention." (p. 735.)

The writ in this case alleges that the defendants for 1913 levied three-fourths of a mill for general purposes and one and three-fourths mills for road purposes, and these levies are up to the limitation fixed by section

9423 for township purposes and in excess of that fixed by section 9424 for road purposes, save as modified by chapter 248 of the Laws of 1911.

Compensation for injuries caused by a defective road under the control of a township might very consistently be deemed an expense for a township purpose or for a road purpose, and a levy for either might well be used to pay such expenses. Quite consistently could it be held that as the legislature has during the entire history of the state authorized the township to levy for township and road purposes and in 1887 required the township to answer for damages of the kind here in question, it was intended that they be paid out of the levy for township or for road purposes. But never having authorized a levy for any other express purpose except by special enactment, it is entirely inconsistent to hold that the general expression "other purposes" is or has ever been intended to mean more than a general authority to levy such taxes as are expressly authorized. If the phrase "other purposes" be deemed sufficient to cover a charge of this kind, by what reason can it be said not to cover such charges as those already referred to by special enactment?

4 Dillon on Municipal Corporations thus lays down the rule:

"It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the *power be plainly and unmistakably conferred.* It has, indeed, often been said that it must be specifically granted *in terms;* but all courts agree that the authority must be given either in express words or by necessary or unmistakable implication, and that it can not be collected by doubtful inferences from other powers, or powers relating to other subjects, nor can it be deduced from any consideration of convenience or advantage." (5th ed., § 1377.)

In every instance cited of a special provision for the levy of a township tax the limit has been fixed in the act making such provision. To hold that the term

"other purposes," adopted in 1860, must in the face of all the levy and limitation statutes since enacted be held to authorize a township board to burden the property of the township with a tax to pay a judgment for the payment of which no power has been expressly made, is, to my mind, to lose sight of the constitutional restriction, the manifest legislative interpretation for over fifty years, and the rule recognized by text-writers and followed by the courts.

The legislature can provide for paying as easily as it provided for the creation of the liability, but such provision is for the legislature and not for the courts.