No. 26,188.

THE CITY OF FRANKFORT, *Appellee,* v. J. THOMAS WARDERS, County
Treasurer of Marshall County, *Appellant.*

SYLLABUS BY THE COURT.

1. TAXATION—*Distribution Between Municipalities—Action for Taxes Collected.* Where the county treasurer has tax funds in his hands belonging to a city, collected by him pursuant to levies made by authority of its city ordinance designating various specified purposes for which such taxes were to be raised, the county treasurer may be compelled by mandamus to hand over such funds to the city; and it is not a sufficient defense to the city's demand therefor that the county treasurer's predecessors in office had erroneously paid over to the city in past years more moneys than had actually been collected in its behalf; and the fact that such overpayments of past years equaled and exceeded the amount of current tax moneys belonging to the city collected and withheld by the county treasurer is not a sufficient excuse for withholding from the city the funds in his hands collected by taxation in behalf of the city.

2. SAME—*Action to Recover Taxes Collected—Mandamus to County Treasurers.* County treasurers of Marshall county in past years paid the city of Frankfort various sums in excess of the actual amounts collected by them pursuant to the city's taxing ordinances. In 1924 the county treasurer, on his own initiative and in compliance with an order of the board of county commissioners, withheld from the city certain funds collected by him pursuant to the city's taxing ordinance of 1923, and sought to justify such withholding because of the excess payments to the city in preceding years. *Held,* mandamus was proper to compel the county treasurer to perform his duty in accordance with the statute; and that the overpayments to the city by the treasurer's predecessors in office were not a sufficient excuse for withholding the city's funds required to meet its current necessities.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed November 7, 1925. Affirmed.

*A. D. Keller,* county attorney, and *P. G. Wadham,* of Marysville, for the appellant.

*Carroll Walker,* city attorney, and *C. D. Smith,* of Blue Rapids, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment directing the county treasurer of Marshall county to pay over to the city certain moneys in his hands which he has collected as taxes pursuant to a levy authorized by ordinance of the plaintiff city.

---

1, 2. Mandamus, 38 C. J. § 435.

The controversy arose in this wise: In bygone years, the treasurers of Marshall county had sometimes paid to the city of Frankfort as its share of tax moneys sums in excess of what had actually been collected. Prior to 1921 these excess payments were negligible, only about $54.43 in seven years, but about 1920 the city began an extensive program of internal improvements, necessitating high taxes and special assessments, with the result that many taxes were not paid and the properties affected were sold for such delinquent taxes and bid in for the county as provided by law. For the years 1921-'23, inclusive, the delinquent and uncollected city taxes due from Frankfort taxpayers aggregated $473.20, and for special paving taxes, $5,261.49. Defendant's predecessors in office took no notice of this condition of affairs, and continued to pay over to the city the estimated amount of money which the city's tax levies would eventually produce, until at the time this lawsuit arose a total of $5,789.12 had been paid to the city in excess of the aggregate amount of city taxes actually collected by the county treasurers for the years 1914 to 1923, inclusive.

The city ordinance under which the taxes for the year 1923 were levied provided:

For general revenue ............................................... 2.5 mills
Certain special improvements ................................... 2 mills
Interest on bonded debt .......................................... 1.1 mills
City park ........................................................ 2 mills
Lighting streets ................................................. 1.7 mills
Fire department .................................................. 1 mill
Bond sinking fund ................................................ .7 mill
Special improvement bond issue of $61,212.69 and interest.......... 5.4 mills
Maintenance of band .............................................. .4 mill

Pursuant to these city tax levies, the county treasurer collected $39,402.98, and out of that sum he paid to the city treasurer $22,054.81 in January, 1924, and $13,232.87 in June, 1924, leaving a balance in the county treasurer's hands as the proceeds of the plaintiff city's tax levies of 1923 in the sum of $4,115.30. The county treasurer withholds this sum on two grounds—because of the overpayments heretofore made to the city by former county treasurers, and because of an order and resolution of the board of county commissioners, which reads:

"Whereas, on November 10, 1923, in a mandamus proceeding prosecuted in the supreme court of Kansas by the city of Anthony against Harper county, the said court decided that when real property is bid in by the county treas-

urer at any tax sale in the name of the county, under whatever law such tax sale be conducted, the county is not required to pay to a city or other taxing district its quota of the taxes on such real property so bid in until the county receives the money in its treasury.

"It is therefore considered and ordered by the board of county commissioners sitting in regular session, that J. T. Warders, county treasurer, be and is hereby directed to charge back to the several taxing districts within the county any and all sums of money erroneously advanced to such taxing districts from the general fund of the county for their proportion of taxes against real property bid in in the name of Marshall county, in all cases where the county has not yet received the money in its treasury in satisfaction of such taxes, and the penalties, costs and charges thereon.

"Dated December 4, 1923."

Issues were made up between the parties and evidence heard thereon, and the trial court granted mandamus requiring the defendant to hand over the balance of funds in his hands collected pursuant to the city taxing ordinance of 1923.

Defendant appeals.

It should be noted that the matter to be reviewed lies deeper than that of the county treasurer's authority to correct a mere error in bookkeeping. If the excess payments were of recent occurrence and the city still had the money in its hands it might be returned with little or no red tape, much as such an error would be corrected voluntarily if it had arisen in the dealings of two reputable business men or private corporations. But here the excess moneys paid to the city have been spent. The city does not have those moneys. The $4,-115.30 which the city does have, and which is withheld by the county treasurer, was raised by taxation for specific purposes pursuant to the city's taxing ordinance and pursuant to the statutes. Moneys so raised may not be diverted to other purposes—not even if the city should give its assent thereto. (Const., art. 11, § 4; State v. City of Emporia, 57 Kan. 710, 47 Pac. 833.) The county treasurer is not the functionary charged by the statute with the duty of recovering county moneys erroneously paid out by his predecessors in office. That is the official concern of the board of county commissioners and the county attorney. (Honey v. Jewell County, 65 Kan. 428, 70 Pac. 333; Ritchie v. City of Topeka, 91 Kan. 615, 624, and citations, 138 Pac. 618; Ada County v. Gess, 4 Idaho, 611. See, also, Kerby v. Clay County, 71 Kan. 683, 81 Pac. 503.)

Even if a simple action for recovery of the moneys had and received had been instituted in proper form and by the proper party plaintiff, a judgment for the county would have to await the collec-

tion of taxes raised by a judgment levy for its satisfaction. (*Super v. Modell Township,* 92 Kan. 979; id. 94 Kan. 402, 146 Pac. 993; *Rose v. McKie,* 145 Fed. 584. See, also, *School District No. 8 v. Board of Education,* 115 Kan. 806, 224 Pac. 892.) It could not be paid from the sinking fund, the interest fund, the fire department fund or any of the other special funds designated in the city's taxing ordinance outlined above. (*State v. City of Emporia,* supra.) We need not now consider whether it could be paid out of the city's general revenue fund if that fund were large enough to meet it; but if it were, that fact would not constitute a justification for the county treasurer in an action in mandamus.

All this seems too plain to warrant extended discussion. We have examined the authorities from other jurisdictions cited by appellant and construed by his counsel to justify his official attitude in this matter, but the question before us is a simple one completely governed by Kansas law. The pertinent statute reads:

"All taxes collected by the county treasurers of the respective counties shall be paid over to the city treasurer as fast as collected; and the county treasurer shall take duplicate receipts from the city treasurer for the same, and file one of said receipts with the city clerk; the clerk shall enter in a book kept for that purpose, and under the proper heads, all amounts so receipted for; said book and vouchers to be for reference in the annual settlement with the city treasurer." (R. S. 15-414.)

It was the official duty of the defendant to obey this statute; mandamus was the proper remedy to secure his obedience; the grounds upon which he sought to justify his failure to follow the statute were insufficient; and the judgment must necessarily be affirmed.