No. 28,008.

The Huttig Millwork Company, *Appellee*, v. F. D. Randel et al.,
and The Board of County Commissioners of the County of
Sedgwick, *Appellants.*

(266 Pac. 106.)

SYLLABUS BY THE COURT.

1. Mechanics' Liens — *Public Buildings* — *Effect of Failure to Exact Bond.*
Where the statute authorizing liens to protect the rights of persons who
contribute labor or materials toward the construction or repair of a build-
ing is timely invoked according to its terms, it applies to public buildings;
and neither the later statutory provision requiring public officers to exact
from contractors a mechanic's lien bond, nor the failure of such officers
to exact such bond, will abridge or defeat rights conferred by the lien
statute.

2. Same — *Right of Corporation Furnishing Material for Courthouse.* The
statute (R. S. 60-1401 *et seq.*) authorizes a lien in favor of a corporation
which furnishes millwork and other materials for the repair of a county
courthouse, following the rule announced in *Wilson v. School District,* 17
Kan. 104, and reconsidered and reaffirmed in *Comm'rs of Jewell Co. v.
Manufacturing Co.,* 52 Kan. 253, 34 Pac. 741.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sar-
gent, judge. Opinion filed April 7, 1928. Affirmed.

*Clyde M. Hudson,* of Wichita, for the appellants.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson,* all of Wichita, *Armwell
L. Cooper, Ellison A. Neel* and *William E. Kemp,* all of Kansas City, Mo.,
for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to enforce a materialman's lien
on the Sedgwick county courthouse. Plaintiff prevailed, and the
board of county commissioners appeals.

The facts were these: The county board let a contract to one
Randel to remodel and repair the five floors of the courthouse, but
neglected to take a bond to protect the county against liens as pro-
vided by law. Plaintiff furnished millwork to Randel, which was
used to repair the floors, of the value of $3,242.75, and filed its lien

Mandamus, 38 C. J. pp. 769 n. 49, 776 n. 60. Mechanics' Liens, 40 C. J. p. 57
n. 43; 35 L. R. A. 141; 20 L. R. A. n. s. 261; 26 A. L. R. 342; 18 R. C. L. 881,
883.

therefor in due time. It also gave the county board timely notice of its claim and filed its verified account under R. S. 19-221.

Plaintiff's petition concluded with a prayer for a personal judgment against Randel, and for the enforcement of its lien against the courthouse, and for other relief.

The county board filed a general demurrer to plaintiff's petition. This was overruled, and the cause is brought here for review.

It has been repeatedly held that the mechanic and materialman's lien statute applies to public property such as a schoolhouse, fire station, or courthouse. (*School District v. Conrad*, 17 Kan. 522; *Sullivan v. School District*, 39 Kan. 347, 350, 18 Pac. 287, and citations; *City of Topeka v. Thomas*, 1 Kan. App. 113, 40 Pac. 930; *Comm'rs of Jewell Co. v. Manufacturing Co.*, 52 Kan. 253, 34 Pac. 741.)

Of course the sale of a county courthouse in foreclosure of a materialman's lien is only to be regarded in a Pickwickian sense. The sheriff will hardly go the length of turning the county officers into the street and putting the purchaser in possession. At the proper time, unless the plaintiff's judgment is otherwise satisfied, mandamus will lie to compel payment or the imposition of a levy to raise the wherewithal to pay it. (*School District No. 49 v. School District No. 70*, 20 Kan. 76; *Stevens v. Miller*, 3 Kan. App. 192, 43 Pac. 439; *Super v. Modell Township*, 92 Kan. 979; id., 94 Kan. 402, 146 Pac. 993; *City of Frankfort v. Warders*, 119 Kan. 652, 240 Pac. 589; 38 C. J. 768-770, 776-779; 14 L. R. A. 773 *et seq.*) In one important respect the lien statute is as helpful where the construction, labor or repair pertains to public property as where it relates to private property—that of recording with precision and clarity the data prescribed by the lien statement (R. S. 60-1402, 60-1403), so that public officers who have entered into contracts for construction or repair of public buildings may be timely forewarned and reminded not to pay the full contract price to the contractor until the just demands of the laborers and materialmen have been satisfied. (*Wilson v. School District*, 17 Kan. 104.) It is a relatively small matter for the county board to exact a bond to protect the county against such liens; it is its duty to exact such a bond (R. S. 60-1413) ; and the board cannot plead its own delinquency to defeat the just claims of those whose rights are protected by the statute.

It is suggested that the amendments to this lien law have discounted the value of our early decisions, and that they are out of

line with those of other jurisdictions. (26 A. L. R. 326.) It is over fifty years since the rule in *Wilson v. School District,* supra, and *School District v. Conrad,* supra, was declared in this court, and not in the succeeding half century has any injustice under that rule been recorded in our reports or discoverable by the legislature. As said in the Jewell county courthouse case:

"The decision works no injustice. It protects the laborer or materialman who has contributed his service or material to a public building better than the contrary decisions of other states." (p. 257.)

Nor has the statute been materially changed since the Jewell county courthouse case was decided in 1893, at which time this court carefully reconsidered the question, including the possible effect of the enactment of chapter 168 of the Laws of 1889, and particularly section 13 of that act, which provided that a bond might be given for the use of all persons in whose favor a lien for labor or material might accrue, and where given, approved and filed, "no lien shall attach and liens filed prior thereto shall be discharged." The court held that the bond was supplemental to and not a substitute for the statutory lien. In *Griffith v. Stucker,* 91 Kan. 47, 136 Pac. 937, it was said:

"The purpose of the statute was to protect the contributions of laborers and materialmen to public works. Where mechanics' liens are allowed, as upon public buildings, the statute furnishes additional security. (*Comm'rs of Jewell Co. v. Manufacturing Co.,* 52 Kan. 253, 34 Pac. 741.) Where mechanics' liens are not possible, as upon street improvements, the purpose was to secure laborers and materialmen against loss by a quasi mechanic's lien, the lien being upon the bond instead of upon the property; and the language of a bond tendered in compliance with the statute will be construed as designed to accomplish the end which the legislature had in view." (p. 50. See, also, *Traction Co. v. Brick Co.,* 112 Kan. 774, 775, 213 Pac. 169.)

The judgment is affirmed.