THE BOARD OF COMMISSIONERS OF OSBORNE COUNTY, *et al.,* v. WINSLOW BLAKE.

TAX TO PAY JUDGMENT, *Unauthorized Levy of.* After a county board has levied the full amount of all taxes for county current expenses which it has by law any power to levy for that and previous years, it cannot then, without any vote of the people, levy an additional tax to pay a judgment rendered on county warrants which had previously been issued to pay county current expenses for the same years.

### Error from Osborne District Court.

INJUNCTION, brought by *Blake* against the *Board of Commissioners of Osborne County*, and the treasurer and the sheriff thereof, to restrain the collection of a certain tax. The facts appear in 19 Kas. 299–302, and in the opinion, *infra*. Judgment for plaintiff at the April Term, 1879, of the district court. The defendants bring the case here.

A. Saxey, for plaintiffs in error.

C. Reasoner, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been in this court (19 Kas. 299), and was remanded for further proceedings in the court below. On its return to the court below, the plaintiff, Blake, with leave of the court amended his petition by adding an allegation that all taxes which are allowed by law to be levied for county current expenses had been levied by the county board for all previous years. The court below decided and held that this petition was sufficient, and upon trial and the evidence introduced, found for the plaintiff, Blake, and rendered judgment in his favor, perpetually enjoining the alleged illegal tax. The defendant, the board of county commissioners of Osborne county, now brings the case here on petition in error, and asks for a reversal of the judgment of the court below.

The only question now presented to this court is, whether, after a county board has levied the full amount of all taxes for county current expenses which it has by law any power to levy for that and previous years, it may then, without any vote of the people, levy an additional tax to pay a judgment rendered on county warrants which had previously been issued to pay county current expenses for the same years.

The plaintiffs in error claim that the county board has authority, under § 8, ch. 25, of the Gen. Stat. of 1868, (Comp. Laws of 1879, p. 273,) to levy such a tax; while the defend-

ant in error claims that the county board has no such authority under that section, and that it is prohibited from levying any such tax by § 181 of the same chapter. (Comp. Laws of 1879, p. 312.)

We think the defendant in error is correct. Section 8 substantially provides that, when a judgment is rendered against a county, it shall be collected, not by execution, but "by tax, as other county charges." That is, the judgment shall be collected by means of a tax, in the same manner as other county charges are collected; and other county charges, when collected by means of a tax, can be collected only by means of a limited tax; and said § 181 prescribes these limits. This section provides that, "in counties where the taxable property is less than five millions of dollars, the board of county commissioners shall not levy a tax for the current expenses of any one year of over one per cent. on the dollar of such valuation, . . . unless by a direct vote of the electors of the county;" and this provision applies in the present case. Said § 8 uses the words "county charges," while § 181 uses the words "current expenses," and § 1, Gen. Stat. of 1868, p. 295, (Comp. Laws of 1879, p. 312, which provides for the levy of county taxes,) uses the words "county charges and expenses." These words or phrases all mean substantially the same thing. (*The State v. Comm'rs of Marion Co.*, 21 Kas. 433, 434.) When the county board levies the county tax under said § 1, it takes into consideration all items of county charges and county expenses, whether the same have been merged in a judgment or not. A judgment rendered upon a claim against a county is simply one of the items which the county board takes into consideration in levying a tax for county charges, or for county expenses, or for current expenses, as these county charges or county expenses are variously termed.

All the statutes, we think, are consistent with the views we have taken in this case. All the statutes upon the subject seem to contemplate that the county board will not create, nor allow to be created, liabilities against the county faster than the legal and proper taxes will pay them. But suppose

the county board should allow liabilities to be thus created, then may all the creditors of the county convert their claims into judgments, and then compel the county board to levy county taxes vastly beyond the limits prescribed by said §181? We think not.

We think that the court below decided correctly, and its judgment will be affirmed.

All the Justices concurring.