THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY v. THE BOARD OF COMMISSIONERS OF ATCHISON
COUNTY et al.

1. COUNTY BRIDGE — Tax — Void Levy. The levy of a 1-mill tax for
building county bridges, the cost of which is payable out of the fund
provided for the current expenses of the county, where the levy for
county expenses is already up to the limit allowed by statute, is un-
authorized and void.

2. TAX — Involuntary Payment. The case of K. P. Rly. Co. v. Comm'rs
of Wyandotte Co., 16 Kas. 587, followed, holding that the first half of
the illegal tax paid by plaintiff on December 17, the treasurer re-
fusing to receive or to receipt for any tax unless the illegal portion
was also paid, and where the plaintiff protested against the illegality,
and stated that the payment was made solely to avoid the issue of
process, and gave notice that an action would be brought to recover
that which was illegally exacted, should be considered an involuntary
payment.

*Error from Atchison District Court.*

ACTION by the *Atchison, Topeka & Santa Fé Railroad Com-
pany* against the *Board of Commissioners of Atchison County*,
the county treasurer, and *T. J. Emlen*, to recover money ille-
gally exacted as taxes. Judgment for defendants on demur-
rer to the petition. Plaintiff brings error.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*W. T. Bland,* county attorney, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by the railroad company against the board of county commissioners of Atchison county, the county treasurer, and T. J. Emlen, to recover $184.34, alleged to have been illegally exacted from the company as taxes. The petition alleged that the company owned and operated a line of railroad through Atchison county in the year 1886; that its property was assessed in the sum of $189,-067; and that a levy was made upon the property of 1 mill on the dollar for county bridge tax, which was in addition to the levy of 10 mills on the dollar made that year for current expenses. It was further alleged that the levy of 1 mill for county bridge purposes was not authorized by a vote of the people, or by law, and was excessive, illegal, and void. It was further stated that T. J. Emlen, the county treasurer, proceeded to collect the tax from the plaintiff on December 17, 1886, and the plaintiff, being desirous of paying the full amount of all taxes legally due from it in the said county, notified the treasurer in writing that the sum of $189.06 was illegal, and protested against the payment thereof on account of the illegality; that the plaintiff paid all legal taxes then due from it to the county, but the treasurer refused to give his receipt in full for the taxes due unless the plaintiff should also pay the illegal tax, less the amount of rebate allowed by law. It is then alleged that "the plaintiff, protesting as aforesaid, involuntarily, and under immediate and urgent necessity, paid to said treasurer the sum of $184.34 for such illegal taxes, being the amount of $189.06, less the rebate allowed by law, $4.72, and plaintiff made such payment solely to avoid the issue of legal process for its collection." The protest referred to is as follows:

"The Atchison, Topeka & Santa Fé Railroad Company

hereby notifies you that the amount legally due by said company as tax on the personal property in your county for the year 1886 does not exceed the sum of $6,428.33, which sum you have refused to receive; and that said company pays the sum of $222.48 demanded by you, protesting against the illegality thereof, and solely to avoid the issue of legal process for its collection.

"And said company further notifies you, that it will hold you and your county liable for the excess above the amount legally due; that you are not to disburse or part with such excess, and that said company will sue you and said county for its recovery.

"Dated this 17th day of December, 1886."

The defendants jointly demurred to the plaintiff's petition, and the demurrer was sustained, upon the ground that the petition did not state facts sufficient to constitute a cause of action. The plaintiff standing upon its petition, the action was dismissed by the court; and of these rulings the plaintiff complains.

According to the allegations of the plaintiff, the bridge tax was unauthorized and illegal. The cost of the bridge is not stated; but if it was less than $200, no appropriation could be made by the board; if more than $2,000 was to be expended, an affirmative vote of the people was necessary, which was not given; and if less than $2,000 and more than $200 was to be expended, payment must be made out of the fund provided for the current expenses of the county. (Gen. Stat. of 1889, ¶¶ 502, 507, 513.) In this case, the county undertook to make payment under the latter provision, and out of the county fund, without a vote having been had authorizing it, and when the levy for bridge purposes was in excess of that authorized by law. Already there had been levied 10 mills on the dollar for the current expenses of the county; and this being the full limit authorized for that purpose, the added mill tax for bridge purposes must be held excessive and void. (*A. T. & S. F. Rld. Co. v. Wilhelm*, 33 Kas. 206.)

It is contended that the tax, although illegal, was paid voluntarily, and under such circumstances that it cannot be re-

covered back. Payment was made on the 17th of December, when the plaintiff endeavored to pay the legal taxes charged against it, but the county treasurer refused to accept any sum unless the illegal tax was also paid. A written protest was made by the plaintiff, which pointed out the amount legally due, and gave notice that payment of the illegal portion was only made to avoid the issue of legal process to collect it; and further, that an action would be brought to recover the excess. Under the reasoning and authority of *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kas. 587, the payment was involuntary as to one-half of the taxes that were paid. The allegation with reference to payment of the illegal tax, as well as the protest and notice, is substantially the same in this case as in the Wyandotte case. The plaintiff in this case seems to have "used the Wyandotte case as a guide for its action;" and, following the rule there announced — the argument to sustain which it is unnecessary to repeat — we are compelled to hold that the December payment, or one-half of the taxes charged and payable on or before the 20th of December, is recoverable. The payment of the remaining half, however, cannot be held to be voluntary. The plaintiff was not compelled to pay more than one-half of the taxes prior to December 20. It was optional with it to pay the whole or the half. By paying the whole of the taxes before December 20, it received a rebate of 5 per cent. on the amount charged against it. The advanced payment so made to obtain a discount or a rebate was for its own benefit, and as no compulsory process could have been issued nor any legal steps taken to collect the tax until the following June, the payment of the June half of the taxes in December is voluntary, and cannot be recovered. The ruling of the district court, however, denied the right of recovering any portion of the taxes, and for that reason its judgment must be reversed, and the cause remanded for a new trial.

HORTON, C. J.: I concur in the foregoing opinion and judgment rendered by this court, and for my reasons I refer

to my concurring opinion in the case of *A. T. & S. F. Rld. Co. v. City of Atchison,* just decided.

VALENTINE, J.: For the reasons stated in the foregoing case of *A. T. & S. F. Rld. Co. v. City of Atchison,* just decided, I think the decision of the district court was correct and the decision rendered by this court is erroneous, and therefore I dissent in this case as well as in that.