THE COLUMBUS WATER-WORKS COMPANY v. THE CITY
OF COLUMBUS et al.

CITY—*Taxes—Limit.* In determining whether a proposed tax levy is
in excess of the limit prescribed by General Statutes of 1889, ¶ 796,
declaring that "at no time shall the levy of all the city taxes of the
current year for general purposes, exclusive of school taxes, exceed
4 per cent. of the taxable property of the city," state, county and
school taxes are not to be considered.

### Original Proceeding in Mandamus.

THE facts are stated in *Water-Works Co. v. City of Colum-
bus,* ante, pp. 99, *et seq.*

*John N. Ritter,* for plaintiff.
*J. D. McCleverty,* for defendant.

*Per Curiam:* Since the overruling of the demurrer to the
petition in this case, the defendants have waived the issuance
of the alternative writ, and answered that, to make the tax levy
required by the plaintiff under its contract, the city would ex-
ceed the limit prescribed by law for levying city taxes. The
plaintiff, regarding the answer as a return to the alternative
writ, has filed a motion to quash the same.

It appears by a reference to the exhibit, which is made a
part of the answer, that the entire levy for what might be
termed city taxes, including the water tax, will not exceed 4
per cent., and is not therefore in excess of the amount author-
ized by ¶ 796 of the General Statutes of 1889. As we construe
this statute, all state, county and school taxes are excluded.

The motion to quash the return is sustained.