D. M. WARD v. J. M. PIPER, *as Trustee, etc., et al.*
**No. 13,879.**   (77 Pac. 699.)

SYLLABUS BY THE COURT.

1. MANDAMUS—*Courts Cannot Control Discretion of Tax Officers.* The law confides in certain officers the discretion to determine the extent of the levy, and the amount of money necessary, to meet the current expenses of municipalities, and the courts cannot supervise or control such discretion.

2. ———— *Judgment against Township—Necessary Showing.* Mandamus will not lie to compel the payment of money raised by township officers for current expenses upon bonded indebtedness, or upon judgments based on such indebtedness, where it does not appear that the indebtedness arose out of the ordinary expenses of the township, or that the fund raised for current expenses is more than sufficient for that purpose.

3. ——— *Merger of Bonds into Judgment does not Change Character of Indebtedness.* The fact that interest coupons on bonds of a municipality are merged in a judgment does not affect the character of the indebtedness, and the holder of such judgment is entitled to have funds raised by taxation to pay interest on bonds applied to the payment of the judgment.

4. ——— *Rights of Other Creditors Immaterial.* In an action to compel municipal officers to pay such judgment from a fund so provided, it is not competent for the officers to defend on the ground that there are other creditors entitled to share in the fund. The court will not attempt to protect or enforce the rights of those who have not intervened in the action nor otherwise invoked its aid.

Original proceeding in mandamus. Opinion filed July 7, 1904. Writ allowed in part.

*J. S. Simmons*, for plaintiff.

*S. S. Ashbaugh*, for defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a proceeding by D. M. Ward to compel the officers of Isabel township, Scott county, Kansas, to pay four judgments held by the plaintiff against the township, out of certain funds now in the township treasury. In 1892 the township issued bonds to the amount of $22,500, which are still outstanding. Default was made in the payment of interest on them, for which a judgment to the amount of $5000 was rendered in the federal court. The plaintiff held a number of defaulted coupons in the same series of bonds, and on December 18, 1903, he recovered four judgments, amounting to $1166.29, before a justice of the peace. On January 6, 1904, he applied for a writ to compel the payment of these judgments. At that time there was in the township treasury the sum of $357.79, levied and collected in 1903 for the purpose of paying interest on bonds, and

also the sum of $1003, levied and collected to meet the general current expenses of the township.   The plaintiff asks that these funds, so levied and collected, be applied to the payment of his judgments.

It is not alleged, nor shown, that the funds raised for current expenses are more that sufficient for that purpose.   It does not even appear that the indebtedness on which the judgment was founded was for the ordinary expenses of the township, to which funds derived from a levy for current expenses could be legally applied.   The taxes levied for one purpose cannot be diverted and applied to another.   Presumably the township officers are acting in good faith and have levied and raised a fund which is necessary, as as well as sufficient, to meet the ordinary current expenses of an economical administration of the affairs of the township.   The township organization must be maintained and its current expenses met, although creditors of the township must wait for payment of their bonds and judgments.

As the case stands, it cannot be said that more money was raised than is needed for current expenses, and nothing is shown to warrant the claim that a large and unnecessary current-expense fund was raised to avoid the payment of interest on bonds or of judgments for such interest.   The law confides in the officers of the municipality the discretion to determine how much money is required to carry on the affairs of the township—a discretion which the courts cannot supervise or control.   In the absence of a showing to the contrary, we must assume that this discretion has been honestly exercised, and that no part of the current-expense fund can be properly applied to the payment of plaintiff's judgments.

Regarding the money raised for the payment of in-

terest on the bonds, a different rule necessarily applies. The judgments of plaintiff were based on interest due on township bonds. The fact that the interest coupons were merged in judgments does not affect the character of the indebtedness. It will not excuse the failure of the township officers to apply moneys raised for such interest on the indebtedness in its new form, nor deprive the holder of the indebtedness of his remedy to compel such application. (*Comm'rs of Osborne Co. v. Blake*, 25 Kan. 356; *Ralls County Court v. United States*, 105 U. S. 733, 26 L. Ed. 1220; *Harshman v. Knox County*, 122 id. 306, 319, 7 Sup. Ct. 1171, 30 L. Ed. 1152; *United States v. King*, 74 Fed. [C. C.] 493; *United States v. Buchanan County*, 5 Dill. [C. C.] 285, Fed. Cas. No. 14,679; *State v. Royse*, 3 Neb. [unofficial] 262, 91 N. W. 559; *City of East St. Louis v. Underwood, Ex'x*, 105 Ill. 308; *Grand County v. The People*, 16 Colo. App. 215, 64 Pac. 675.)

The contention that there are other creditors holding like claims, and that plaintiff should not be given a preference over them, is not good. They are not here demanding payment, or asking that the fund which plaintiff is seeking to obtain be distributed equally with them. The defendants are not competent to speak for them, and it will be time enough to consider the rights of other creditors when they intervene or invoke the action of the court. Upon an application for mandamus to compel the payment of a debt out of a particular fund, and where the municipality made a similar objection, the supreme court of California remarked :

"Nor is the fact, if it exists, that there are other creditors interested in the fund provided for their payment, who have not demanded payment, any answer to the application of the petitioner. Non-action

by others having equal rights with him, in a matter on which his right is founded, cannot prejudice him in the assertion of his right nor excuse non-performance of a duty in connection with it specially enjoined by law." (*Meyer v. Porter*, 65 Cal. 67, 70, 2 Pac. 884. See, also, *City of Galena v. Amy*, 5 Wall. 705, 709, 18 L. Ed. 560; *Mayor etc. of City of New Orleans v. United States*, 49 Fed. 40, 1 C. C. A. 148; *Vorhies v. Mayor*, 70 Tex. 331, 7 S. W. 679.)

The plaintiff is entitled to a peremptory writ compelling the payment of his judgments out of the fund provided for the payment of interest on bonds, or so much of the same as remains in the township treasury.   This will be the judgment of the court.

All the Justices concurring.