# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1912.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER, } JUSTICES.
HON. ALFRED W. BENSON,
HON. JUDSON S. WEST,

---

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY, *Appellant,* v. THE CITY OF HUMBOLDT et al.,
*Appellees.*

No. 17,192.

SYLLABUS BY THE COURT.

1. TAXATION — *Excessive Levy* — *"General Revenue Purposes."*
Where the officers of a city of the second class have made a
levy of ten mills on the dollar for general revenue purposes
they can not levy an additional tax to pay indebtedness in-
curred for the same purpose and payable out of the same
fund, although designated by another name and placed in a
different class.

2. ILLEGAL TAXES—*Paid under Protest—Recoverable.* Where an
illegal tax is levied on the property of a taxpayer, which he is
compelled to and does pay, it is to be regarded as an involun-
tary payment which he may recover back, but if he pays the
whole of such tax prior to December 20 of that year, includ-
ing the second half, due in June of the following year, the
advance payment made to obtain a rebate is deemed to be
voluntary, and is therefore not recoverable.

1—87 KAN.

Appeal from Allen district court. Opinion filed May 11, 1912. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* for the appellant.

*G. A. Amos,* city attorney, for the appellees; *La Vergne Orton,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Atchison, Topeka & Santa Fe Railway Company brought this action against the city of Humboldt and the county treasurer of Allen county to recover $107.33 which it was required to pay as a tax on its property and which was paid under protest.

The city of Humboldt is a city of the second class, and in July, 1907, the following levies of city taxes were made:

"For payment of interest on waterworks bonds......Six Mills
For payment of bonds and interest thereon......Eight Mills
For street and alley fund........................Four Mills
For payment of other interest....................Two Mills
For general revenue .............................Ten Mills
For floating indebtedness .......................Eight Mills"

These levies were certified to the county clerk and extended on the tax rolls of the county for the year 1907. On December 20, 1907, when the railway company undertook to pay its taxes it discovered that eight mills had been levied for floating indebtedness in addition to a levy of ten mills for general revenue, and challenged the validity of the levy for floating indebtedness and the authority of the county treasurer to collect it. That officer insisted on payment, and the tax due at that time, as well as the second half payable in the following June, was paid under protest.

The only contention between the parties arises upon the eight-mill levy that was made to pay floating indebtedness. The indebtedness for which it was made consisted of a number of outstanding and unpaid warrants that had been issued from time to time. Except

as to four of the warrants the nature of the claims for which they were issued was not shown. It did appear that one was for a judgment but the character of the claim which was the basis of the judgment was not stated. Two were issued for attorney's fees and one for improvement of the waterworks.

The railway company correctly contends that the levy of eight mills to pay outstanding warrants was unauthorized and illegal. The warrants for which this levy was made were probably such as might have been paid out of the general revenue fund of the city, but it appears that a levy to the full limit prescribed by statute for general revenue purposes had already been made for that year. A number of limitations upon the power of officers of a city of the second class in the levy of taxes have been fixed by the legislature. Among such restrictions there is a limit of ten mills for general revenue purposes, or what is usually spoken of as the ordinary current expenses, a five-mill limitation for the improvement of streets and alleys and the building of bridges, culverts and sewers (Gen. Stat. 1909, § 1374), and a ten-mill limitation for supplying the city and its inhabitants with electric light when it owns and operates the electric light plant. There is another limitation for the expenses of light and water in cities of the second class having more than 10,000 population and which do not operate their own plant or works. (Gen. Stat. 1909, § 1461.) After prescribing limits on levies for particular purposes there is an all-purpose limitation, and it was the manifest purpose that the total of all the levies for city taxes should be kept within this limitation unless expressly excepted from its operation by other statutes. It provides that "at no time shall the levy of all city taxes of the current year for general purposes, exclusive of school taxes, exceed four per cent of the taxable property of the city as shown by the assessment books of the preceding year." (Gen. Stat. 1909, § 1383.) It is not enough that the aggregate of

the levies do not exceed this limitation, but none of the constituent levies can exceed the limit which applies to the particular class to which it belongs. So far as appears, the outstanding warrants for which the eight-mill levy was made are in part payable out of the general revenue fund. It is necessary, therefore, that the taxes imposed for this purpose shall not exceed the ten-mill limit applicable to ordinary current expenses and that it and the other legal levies for city taxes shall not exceed the four-per-cent limit. It has already been determined that there is no inconsistency between these provisions, and hence both limitations must be observed by the city authorities.

In *Stewart v. Town Co.*, 50 Kan. 553, 32 Pac. 121, it was held that the ten-mill provision is a limitation on the ordinary current expenses of the city, and that expenses for supplies of light, water and fire departments, which are among the daily necessities, fall within the class of expenses which are to be paid out of the general revenue fund, and that the forty-mill limit covers not only the ten-mill levy for ordinary expenses but all other levies of city taxes for general purposes, exclusive of school taxes. The ten-mill levy, it will be observed, is based on the assessment of the current year, while the forty-mill levy is based on the taxable property as shown by the assessment books of the preceding year. No provision is made for a levy for floating indebtedness nor can a limitation on a levy for current expenses be exceeded or avoided by using a different designation for such an expense. (*The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kan. 419; *Comm'rs of Osborne Co. v. Blake*, 25 Kan. 356; *A. T. & S. F. Rld. Co. v. Wilhelm, Treas.*, 33 Kan. 206, 6 Pac. 273; *A. T. & S. F. Rld. Co. v. Comm'rs of Atchison Co.*, 47 Kan. 722, 28 Pac. 999; *The State v. City of Emporia*, 57 Kan. 710, 47 Pac. 833.)

The case of *Phelps v. Lodge*, 60 Kan. 122, 55 Pac. 840, is cited as an authority for the excessive levy. There it was held that a city of the third class could be

compelled to levy a tax to pay a judgment rendered
against it if the levy of all city taxes did not exceed the
four-per-cent limit.  It was also held that the fact that
the city had not exercised the option given it to fund its
indebtedness did not excuse the officers from making a
levy for the payment of the judgment.  It did not hold
that the city could make levies beyond other limits
fixed by statute merely because the expenses or indebt-
edness for which the levies were made had been placed
in judgment or was of the character which might be
funded.  The fact that a part of the indebtedness for
current expenses was placed in a judgment would not
authorize the city officers to add that judgment to a
levy that was already up to the ten-mill limit.  The
merging of indebtedness in a judgment does not change
the character of such indebtedness nor would it justify
officers in raising the limit placed on levies for its pay-
ment.  (*Comm'rs of Osborne Co. v. Blake,* supra; *Ward
v. Piper,* 69 Kan. 773, 77 Pac. 699.)  The Phelps-Lodge
case decided that provision might be made for the pay-
ment of a judgment against a city under the general
authority although an alternative means of paying such
indebtedness had been provided by the funding process,
but it was not there held that in making the levies for
the payment of such judgments the limitations imposed
by statute could be overlooked.  It appears to have been
assumed that the judgment was not for the ordinary
current expenses of the city, and hence the question of
whether it was inside or outside of the ten-mill limita-
tion was not considered.

In this case the outstanding warrants for which the
eight-mill levy was made consisted of items of current
expenses payable from the general revenue fund and,
being in excess of the legal levy, all that was involun-
tarily paid is recoverable in this action.  However, not
more than one-half of the excess sued for can be recov-
ered since that was all that appellant was compelled to
pay in December, 1907.  As was said in *A. T. & S. F.*

*Rld. Co. v. Comm'rs of Atchison Co.,* 47 Kan. 722, 28 Pac. 999:

"The plaintiff was not compelled to pay more than one-half of the taxes prior to December 20. It was op-tional with it to pay the whole or the half. By paying the whole of the taxes before December 20, it received a rebate of five per cent on the amount charged against it: The advanced payment so made to obtain a discount or a rebate was for its own benefit, and as no compulsory process could have been issued nor any legal steps taken to collect the tax until the following June, the payment of the June half, of the taxes in December is voluntary, and can not be recovered." (p. 725.)

(See, also, *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.,* 16 Kan. 587; *Sapp v. Comm'rs of Brown Co.,* 20 Kan. 243; *Thimes v. Stumpff,* 33 Kan. 53, 5 Pac. 431; *City of Atchison v. The State, ex rel.,* 34 Kan. 379, 8 Pac. 367; *A. T. & S. F. Rld. Co. v. City of Atchison,* 47 Kan. 712, 28 Pac. 1000.)

The judgment is reversed and the cause remanded for further proceedings.