CYRUS SUPER, *Appellee*, v. MODELL TOWNSHIP, *Appellant.*

No. 17,926.

SYLLABUS BY THE COURT.

1. AUTOMOBILES—*Defective Highway—Bridge Gone—Duty of Driver—Instructions.* An automobile was driven over a highway at night into a river at a public crossing from which the bridge had been recently carried away by a flood. There was no barrier or sign of warning, but the driver knew that he was approaching a crossing at which he supposed a bridge was standing. It is held (1) that it was not error to refuse to give an instruction to the effect that the approach to a stream is itself a warning of danger to a person unacquainted with the road, driving an automobile in the night, which requires him to see and know that a bridge is reasonably safe;

(2) that an instruction to the effect that the crossing of a stream is an indication that caution is required of the driver in the circumstances stated above is sufficient when given in connection with other instructions stated in the opinion.

2. ——— *Contributory Negligence — Speed.*. The question whether a driver was exercising proper care and prudence, taking into consideration all the circumstances and conditions, is one of fact for the jury. It can not be held as matter of law that a speed of twelve to fifteen miles an hour is negligent.

Appeal from Norton district court. Opinion filed February 8, 1913. Affirmed.

*L. H. Thompson,* and *R. W. Hemphill,* both of Norton, for the appellant.

*H. R. Tillotson,* of Lenora, and *W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

BENSON, J.: A judgment was obtained by the appellee against the appellant for $800 for damages suffered to person and property caused by a defective highway.

The appellee was driving his automobile upon a public road which crosses the Solomon river. A month before the accident the bridge at this crossing had been washed away by a flood. The appellee was not aware of this fact, and approaching the crossing at ten o'clock in the evening was unable to stop the automobile after he saw the bridge was gone, and it went over the bank, causing injuries for which he seeks to recover. The automobile was properly equipped and lighted. He approached the crossing from the east, traveling westwardly. For some distance from the river the road was practically straight and level, with timber on each side. The township had built a temporary bridge a little distance to the north of the crossing and reached by turning from the road two or three rods east of the crossing. The roadway bore the indi-

cations of travel usual upon a way frequently traveled. There were also marks of use in the temporary way from the road at the new bridge. The appellee was an experienced driver and had been traveling in that vicinity during the day, in the course of which he had crossed the river several times at other points. He was watching the road ahead and did not notice the turn to the north. He was traveling at a speed of twelve or fifteen miles an hour. There was a three per cent grade in the approach to the bridge, commencing forty-five feet from the bank. The width of the stream at the top of the banks is forty-five feet. The appellee testified that, supposing he was nearing the river, he slackened speed, but in passing up the grade the lights were thrown upward, casting a shadow, so that he could not see that the bridge was out until the car was at the bank. He found no barrier or obstruction. Evidence on the part of the appellant tended to show that a car such as the one he was driving could be stopped in fifteen feet when running at ten miles an hour, and that there would not be much difference if the speed were fifteen miles an hour.

Error is alleged in refusing requests for instructions. The court was asked to instruct the jury that an approach to a stream is itself a warning of danger to a person unacquainted with the road over which he is driving an automobile at night, and if in such circumstances he attempts to cross he must see and know that the bridge, if there be one, is reasonably safe. Other requests included the same proposition. We are not advised of any authority declaring such a rule. Bridges, as well as other parts of public traveled roads, are ordinarily safe, and no reason is perceived why a traveler, in the absence of barrier, warning, indication or notice of danger, should not proceed upon the belief that they are safe for ordinary use by one observing due caution on his part.

The jury were instructed that such a crossing was

an indication that caution on the part of the driver was required. Another instruction was that "One in charge of an automobile driving upon a dark night over a straight stretch of strange country road at such speed that he is unable to stop within such distance as he may clearly see, under any circumstances and conditions, an obstacle in the highway, is negligent, and if the excessive speed contributed to his running into or being injured by such obstacle, there can be no recovery."

These instructions, given in connection with others to the effect that the driver was bound to exercise the care that a reasonably prudent person would use in the same or a similar situation, sufficiently stated the principles of law for the guidance of the jury.

The appellant contends "that the failure of the appellee to look and acquaint himself with the safety of the crossing is *per se* negligence" on his part. The evidence, however, was that he did look—was in fact looking ahead all the time—and that nothing was seen to indicate danger. He was not required, as matter of law, to acquaint himself with the safety of the bridge, unless there was some indication or he had some notice that would prompt a person of ordinary prudence in his situation to take such action, provided he was exercising proper care with respect to the speed and management of his car.

The jury, in answer to questions submitted, found as follows:

"1. At what rate of speed was plaintiff running his automobile immediately before the alleged accident occurred? Ans. Twelve to fifteen miles per hour.

"2. Was the plaintiff exercising the care and caution of a man of ordinary prudence by running his automobile at such speed at such time, taking into consideration all the circumstances and conditions shown to exist by the evidence in this case? Ans. Yes."

These findings are supported by the testimony and conclude the controversy, unless it should be held that

the rate of speed constituted negligence as matter of law. The legislature has, however, sanctioned greater speed in highways situated as this one was, with the further provision that the speed shall not be greater at any time than is reasonable and proper, having due regard to the traffic and use of the highway. These provisions give sufficient authority for the submission of the question to a jury under proper instructions, such as were given in this case. (Gen. Stat. 1909, §§ 450-453.)

The rules applicable to the drivers of automobiles with reference to the rights of other travelers on the highway are considered in *McDonald v. Yoder,* 80 Kan. 25, 101 Pac. 468, and in *Arrington v. Horner,* post, 129 Pac. 1159.

The judgment is affirmed.