No. 18,636.

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, *Appellant,* v. THE CITY OF KANSAS CITY, KANSAS, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. TAXATION—*City of Second Class—Statutory Limit of Levy to Pay Judgments.* Under the statutes existing in 1908 cities of the second class were authorized to levy a tax for the payment of judgments not rendered for current expenses, although the limit for general revenue purposes had been levied, provided the 40-mill limit for all general city purposes exclusive of school taxes was not exceeded.

2. SAME—*Presumption of Regularity of Acts of Taxing Officers.* In addition to a levy up to the limit for general revenue purposes for the year 1908 a city of the second class made a levy of one mill to pay judgments. In an action to enjoin the collection of the tax as excessive and illegal it was not shown that the bases of the judgments in question were matters of current expense, and in the absence of such showing the presumption of regularity in the acts of the taxing officers must prevail and such levy will be deemed valid.

3. SAME—*Limit Exceeded by Consent of State Tax Commission, or Vote of Electors.* The ordinary statutory limit for general revenue purposes might have been lawfully exceeded by permission obtained from the state tax commission, or an increase could have been authorized by a vote of the electors. (Laws 1908, ch. 78, § 1.) The excess was alleged to be unauthorized, excessive and void, but no proof was offered that such consent or authority had been received. Had such consent or authority been received the records of the state tax commission or the city clerk would so show, and the failure to prove a negative—

that they did not so show—in the absence of any allegation or assertion by the defendant that either was had, is held too technical a basis for a judgment against the plaintiff, unless a claim of such consent or authority shall be really made by the defense, in which case a new trial is ordered.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 9, 1914. Affirmed in part and reversed in part.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*Richard J. Higgins,* city attorney, for the appellees.

The opinion of the court was delivered by

WEST, J.: In 1907 the city of Argentine was authorized to levy a tax of ten mills for general revenue purposes and five mills for purposes of general street improvements, which on the assessed valuation would amount to $10,998. Under the provisions of chapter 78 of the Laws of 1908 (see Gen. Stat. 1909, § 9394 *et seq.*) the city was not authorized for that year to levy more than two per cent in excess of the amount authorized for the previous year, which would be $11,207.

However, for 1908 the city in fact levied for these purposes the sum of $12,776, $1569 in excess of the authorized levy for 1907 plus two per cent. The portion of this excess falling upon the plaintiff was $355.09. It was alleged that in addition to this a levy of one mill for the purpose of paying judgments was made in excess of lawful authority, which produced a charge against the plaintiff of $584.99. Having paid these charges under protest, the plaintiff brought this action against the city and county to recover back the total sum of $939.08, in which action it is sought to recover in fact only one-half of that sum, the whole amount having been paid December 20, bringing the case within the rule laid down in *Railway Co. v. City of Humboldt,* 87 Kan. 1, 123 Pac. 727. The court below

sustained a demurrer to the plaintiff's evidence and from this ruling the appeal is taken. The act of 1908, already referred to, permitted the authorized amount of the previous year plus two per cent to be exceeded, provided the state tax commission upon application and notice should prescribe a greater sum, or the electors should by direct vote authorize an increase. The petition did not allege anything with respect to such action by the state tax commission or by the electors. The defense insists that under the rule of presumption and regularity so often laid down in this state the plaintiff failed to prove a cause of action. Section 2 of the act of 1908 provides that such act shall in no way limit the amount of any levy necessary to be made for the purpose of paying any judgment, or any levy made by ordinance for special purposes. We are unable to find any statute expressly authorizing a levy by a city of the second class to pay judgments, but section 1380 of the General Statutes of 1909 provides that the city council may appropriate money and provide for the payment of the debts and expenses of the city. Section 1383 limits the total levy for general purposes, exclusive of school taxes, to four per cent of the taxable property of the preceding year. In *Phelps v. Lodge,* 60 Kan. 122, 55 Pac. 840, it appeared that the authority and limitations touching the city of the third class there involved were in effect identical with those which apply here. The full ten-mill levy had been made for general revenue, all of which was needed for that purpose, and it was sought to compel an additional levy to pay a judgment. The court, after quoting the provisions of the statute identical in effect with those governing this case, said:

"Construing all these provisions together they amount to this, that for general-revenue purposes the tax levy is limited to one per cent. For all city purposes it is limited to four per cent. The four-per-cent limitation has no reference to state, county or any other than city taxes. The council is authorized by

section 78 to provide for the payment of the debts of the city. A judgment is of course a debt." (p. 124.)

It was held that it was not only permissible but a binding duty to provide for the payment of the judgment. (See, also, *Stevens v. Miller,* 3 Kan. App. 192, 43 Pac. 439.) That the four per cent limit does not include state, county and school taxes was also decided in *Water-Works Co. v. City of Columbus,* 48 Kan. 99, 28 Pac. 1097, and 48 Kan. 378, 29 Pac. 762. In *Stewart v. Town Co.,* 50 Kan. 553, 32 Pac. 121, it was held that between the ten-mill limitation for current expenses and the forty-mill limitation for general purposes, exclusive of school taxes, there is no conflict. It was also said:

"The city is authorized to levy and collect taxes for the payment of bonded indebtedness and the interest on the same, as well as to pay off and discharge any judgment obtained against the city; and the levies for these purposes, including that for general revenue, must not in the aggregate exceed 40 mills on the dollar." (p. 558.)

It was also held that a levy for water, electric light and supplies for the fire department come under the head of general revenue purposes governed by the ten-mill limitation. In *Ward v. Piper,* 69 Kan. 773, 77 Pac. 699, the officers of a township had made a levy to pay bonds, and another for general current expenses. The plaintiff asked that the proceeds of these levies remaining in the treasury be applied to the payment of his judgments. It was held that in the absence of a showing that the judgments were based on a debt for ordinary township expenses and that the levy had been more than sufficient to meet the ordinary expenses, the court must indulge the presumption that the officers had done their duty and deny the relief sought. But as to the levy for interest on bonds it was held that this could and should be applied on the judgments which were based on interest due on township bonds.

In *Railway Co. v. City of Humboldt,* 87 Kan. 1, 123 Pac. 727, the question arose whether after levying up to the limit for general revenue purposes the city could make an additional levy to pay indebtedness incurred for the same purpose, although denominated "floating indebtedness." The liability intended to be covered by the additional levy consisted of outstanding warrants, one for a judgment whose basis was not shown, two for attorney's fees, and one for improvement of waterworks. The nature of the claims for which the others had been issued did not appear. It was said that probably all these could have been paid out of the general revenue fund and as the limit of levy for such fund had been reached the one attempted to be made in excess thereof was void. It was pointed out that none of the constituent levies can exceed its own limitation nor the aggregate go beyond the 40-mill limit; also that merging a debt in a judgment does not change its character, and that in the Phelps-Lodge case it appeared to have been assumed that the judgment was not for the ordinary current expenses of the city "and hence the question of whether it was inside or outside of the ten-mill limitation was not considered." (p. 5.) Here there is no claim that the four per cent limit was exceeded, and we are not advised as to the nature of the claims on which were based the judgments the levy was made to pay. If it were shown that they were items of current expense the levy would be void for excess of the ten-mill levy plus two per cent. But in the absence of any showing concerning their nature the presumption always indulged in behalf of city officers who have acted under the sanction of their official oaths applies, and as the city had power to make a levy to pay a judgment for something outside of current expenses we must assume that for the payment of such a judgment the levy was made, and hence in this respect and to this extent the judgment sustaining the demurrer to the evidence is affirmed.

Section 1 of chapter 78 of the Laws of 1908, providing that the sum produced by the maximum levy for 1907 can be exceeded by only two per cent, contains a proviso that a still larger sum may be permitted by the state tax commission, followed by another proviso that the electors may by vote authorize such increase. The petition alleged that the excess levy for 1908 for general revenue purposes was "unauthorized, excessive and void," but no evidence was offered touching any consent or authority received from the tax commission or by a popular vote, and the city contends that in the absence of such evidence we must presume that the city officers were acting legally and that the levy was valid, and calls attention to the rule announced in *Kindley v. Rogers*, 85 Kan. 645, 118 Pac. 1037, and cases therein cited. The plaintiff argues that as the matter of receiving such authority is contained in provisos to the section in question the settled rule of pleading requires that such authority be pleaded in defense and not that the lack thereof be alleged or shown by the railway company, and numerous authorities are cited to the effect that while an exception must be negatived a proviso need not. But courts have become too practical—at least this court has—to care for the possible distinction between a proviso and an exception or the subtle and rarefied notion that they require different treatment. Neither does the failure to prove a negative—that no consent or authority was had—appear fatal, there being no allegation in the answer or assertion anywhere that such consent or authority was received. Had it been, the records of the state tax commission or those of the city clerk would so show, and the matter could have been made clear by a telephone call had the parties seen fit to take that convenient but informal way to avail themselves and the court of the benefit of these public records. Assuming that no such consent or authority was had, the levy was

20—92 KAN.

excessive and the plaintiff would be entitled to recover. The point on which the matter hinges is so technical that neither party should be permitted to lose or gain thereby unless the facts justify it.

In the interest of justice and in order to reach the right of the case the judgment in respect to the excess levy for general revenue purposes is reversed with directions to enter judgment for the plaintiff thereon, unless counsel for the defense shall state that such excess was authorized in one of the ways indicated, in which case a new trial as to this portion of the case is directed.