No. 19,207.

C. N. SUPER, *Plaintiff*, v. RILEY TADLOCK et al., as THE TOWNSHIP BOARD OF MODELL TOWNSHIP IN NORTON COUNTY, *Defendants*.

SYLLABUS BY THE COURT.

1. TAXATION—*Township Authorized to Levy Taxes to Pay Judgment for Damages.* Township taxes may be levied for township, road and other purposes. (Gen. Stat. 1909, § 9584.) A tax to pay a judgment against a township for damages caused by a defective road is in the classification of "other purposes" provided for in the statute, and may be levied in addition to the levy for township purposes. The expression "township purposes," as used in the statute, is the equivalent of general revenue purposes or current expenses.

2. SAME. The limitation upon the authority of township boards to levy taxes for township purposes not exceeding three-fourths of a mill on the dollar, contained in section 9423 of the General Statutes of 1909, does not include taxes levied for other purposes such as the payment of a judgment.

Original proceeding in mandamus. Opinion filed July 7, 1914. Writ allowed.

*W. L. Sayers,* of Hill City, for the plaintiff.

*L. H. Thompson,* and *R. W. Hemphill,* both of Norton, for the defendants.

The opinion of the court was delivered by

BENSON, J.: The plaintiff seeks a writ of mandamus to require the defendants to levy a tax upon property in the township to pay a judgment rendered in an action for damages suffered because of a defective highway. (*Super v. Modell Township,* 88 Kan. 698, 129 Pac. 1162.) The defendants aver their willingness to make the levy if they have the power, but plead lack of authority.

Section 9584 of the General Statutes of 1909 provides that the township trustee "Shall superintend all the pecuniary concerns of his township, and shall at the July session of the board of county commissioners, annually, with the advice and concurrence of said board levy a tax on the property in said township for township road and other purposes, and report the same to the county clerk, who shall enter the same on the proper tax-roll in a separate column or columns, and the treasurer shall collect the same as other taxes are collected; but in a failure of such trustee and commissioners to concur, then the board of county commissioners shall levy such township road and other taxes."

The township made levies in the year 1913 of three-fourths of a mill on the dollar for general township purposes, and for road purposes one and one-fourth mills on the dollar. It is contended that a tax to pay this judgment would be for a special purpose not provided for in the statute, and for which no authority exists.

A judgment rendered upon a debt incurred for ordinary municipal expenses does not change the character of the indebtedness and is payable out of a fund levied for general revenue purposes. (*Ward v. Piper,* 69 Kan. 773, 77 Pac. 699; *Railway Co. v. City of Humboldt,* 87 Kan. 1, 123 Pac. 727.) Damages for injuries caused by a defective highway are not ordinary township expenses. The liability was created by statute enacted in

1887 (Gen. Stat. 1909, § 658), but no special provision was made for levying taxes to pay such claims. The defendant insists that the authority is given by the section first quoted, providing for levies for township, road, and other purposes, and this we conclude is the right interpretation. "Township purposes," as the term is used in this statute, is the equivalent of general revenue purposes, or ordinary current expenses. The expression "road purposes" carries its own definition, leaving the words "other purposes" to apply to obligations not included in the other classification.

In *Railway Co. v. Kansas City*, ante, p. 300, 140 Pac. 1040, it was held that a tax levied to pay a judgment against a city which was rendered upon a claim outside of current expenses was valid, although the full amount of taxes for general revenue purposes was also levied, where the entire tax did not exceed the limit for all purposes.

So far we have considered the question under the authority given by section 9584 of the General Statutes of 1909, quoted above. Consideration must, however, be given to another statute, enacted in 1909, viz.:

"The trustees, treasurers and clerks of the several townships in the several counties of the state of Kansas shall constitute township boards for their respective townships, and such boards shall have power and authority to determine and fix the levy and rate of taxation in their respective townships for township purposes, and said township boards are hereby authorized and empowered annually, at their regular meeting on the last Saturday in July, to levy a tax of not to exceed three-quarters of one mill on the dollar of all taxable property for township purposes." (Gen. Stat. 1909, § 9423.)

It will be seen that this act provides that levies of township taxes shall be made by the township board instead of being made by the trustee with the advice and concurrence of the county board, as before, and that taxes for township purposes shall not exceed three-fourths of a mill on the dollar. This limitation does

not include all township purposes, for in the next section of the same act (Gen. Stat. 1909, § 9424) it is provided that the township board may levy taxes to an amount not exceeding three-fourths of a mill on the dollar to improve roads.

As the power to levy taxes for township, road and other purposes existed before the act of 1909 was adopted, and that act does not in terms or by necessary implication take away the existing authority to levy taxes for other purposes, it remains to be exercised by the township board. As the judgment is a valid obligation, but not payable out of the fund levied for ordinary township purposes, and a levy to pay it is not prohibited by any limitation, the levy should be made.

The plaintiff asks and is allowed damages to the amount of a reasonable attorney's fee, which is found to be $100. This allowance is made under section 723 of the civil code.

A peremptory writ will be issued as prayed for, but considering the taxable value of the property in the township and the sums to be raised for other purposes, the amount of the judgment, with interest thereon, and costs and damages may be provided for by three annual levies, the first to be made at the proper time for levying taxes this year.