Bush v. City of Beloit.


No. 22,172.

B. F. BUSH, Receiver of the Missouri Pacific Railway Company, *Appellant,* v. THE CITY OF BELOIT et al., *Appellees.*

### SYLLABUS BY THE COURT

1. TAXATION—*City of Second Class—Excessive Levy—Taxes Paid under Protest—Recoverable.* Where a city of the second class levies a tax of three mills on the dollar for general revenue purposes, under section 11373 of the General Statutes of 1915, and in addition thereto levies a tax of one and one-half mills on the dollar for opening, widening and bringing to grade all streets, avenues, and alleys, and for building bridges, culverts, and sewers, and for footwalks across streets, avenues, and alleys; and levies another and additional tax of three-fourths of a mill on the dollar for paving and improving the squares and areas formed by the crossing of streets, avenues, and alleys; each of the two taxes last named is excessive and illegal; and if such taxes are involuntarily paid they may be recovered by the taxpayer.

2. SAME—*Cities of Second Class—Limit of Taxation for "General Purposes."* Section 11373 of the General Statutes of 1915 authorizes cities of the second class to levy a tax of three mills on the dollar for general city purposes.

3. SAME—*Illegal Taxes Paid under Protest—Recoverable.* *Railway Co. v. City of Humboldt,* 87 Kan. 1, 123 Pac. 727, followed concerning the collection of illegal personal property taxes paid on December 20, under protest.


Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed June 7, 1919. Reversed.

*W. P. Waggener, J. M. Challiss,* both of Atchison, and *C. L. Kagey,* of Beloit, for the appellant.

*J. E. Tice,* and *R. L. Hamilton,* both of Beloit, for the appellees.


The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to enjoin the collection of certain taxes levied by the city of Beloit. Judgment was rendered in favor of the defendants, and the plaintiff appeals. In 1915 the city of Beloit levied a tax of three mills on the dollar for general revenue purposes; a tax of one and one-half mills on the dollar for opening, widening, and bringing to

grade all streets, avenues, and alleys, and for building bridges, culverts, and sewers, and for footwalks across streets, avenues, and alleys; and a tax of three-fourths mill on the dollar to pay for paving and improving the squares and areas formed by the crossing of streets, avenues, and alleys. In 1916 the city levied a tax of three mills on the dollar for general revenue purposes, and a tax of one and one-half mills on the dollar for opening, widening, and bringing to grade all streets, avenues, and alleys, and for building bridges, culverts, and sewers, and for footwalks across streets, avenues, and alleys.

1. The plaintiff argues that the taxes levied for opening, widening, and bringing to grade the streets, avenues, and alleys, and for building bridges, culverts, and sewers, and for footwalks across streets, avenues, and alleys, and the tax to pay for paving and improving the squares and areas formed by the crossing of streets, avenues, and alleys were excessive. The plaintiff cites section 11373 of the General Statutes of 1915, and contends that it limits the amount that may be levied by a city, for all the purposes named, to three mills on the dollar. The defendants cite section 1715 of the General Statutes of 1915, and contend that under that statute the limit is placed at forty mills on the dollar. To determine the correctness of these contentions it is necessary to examine a number of laws. Section 1715 was enacted in 1872, and does not appear to have been specifically amended or repealed at any time. That section reads:

"At no time shall the levy of all city taxes of the current year for general purposes, exclusive of school taxes, exceed four per cent of the taxable property of the city as shown by the assessment books of the preceding year."

It is well known that for years property was assessed for taxation at from one-third to one-fourth its actual value. Section 1715 was enacted while that system of assessment was followed. Under that system a high limitation on the taxing power was necessary. In 1907, the legislature created the tax commission, and provided for the assessment of property at its actual value. (Laws 1907, ch. 408.) That law has since been amended in a number of particulars. In 1909, chapter 245 of the Laws of 1909 placed limitations on the power of officers of taxing districts to levy taxes. The law covered counties, county high schools, cities of the first, second, and third classes, boards

Bush v. City of Beloit.

of education in cities of the first and second classes, and the school boards of school districts. Section 20 of that act read:

"The authority of the mayor and council of cities of the second class to levy taxes as provided in chapter 116, Laws of 1905, chapter 135, Laws of 1903, and chapter 104, Laws of 1905, is hereby limited so that the mayor and council of any such city shall not fix a rate of levy for the respective purposes in excess of the following-named rates: For general revenue fund, two mills; for opening, widening and bringing to grade all streets, avenues and alleys, and for the building of bridges, culverts and sewers, and for footwalks across streets, avenues and alleys, one mill; for park contingent fund, two-tenths of one mill; for library fund, four-tenths of one mill; all other levies for cities of the second class which are authorized by statutes not specifically named in this section are hereby limited to one-fifth of the rates so authorized; provided, that in cities of the second class for which special acts have been passed the limitations of this section shall not apply so as to prevent the raising of an amount for the general revenue fund of such cities which by virtue of said special acts could have been raised in the tax year of 1907 upon the assessed valuation of that year."

That section appeared in the General Statutes of 1909, as section 9413, and was amended by chapter 361 of the Laws of 1915. (Gen. Stat. 1915, § 11373.) It now reads:

"The authority of the mayor and the council, and mayor and commissioner, of all cities of the second class to levy taxes is hereby limited so that said governing bodies shall be authorized to fix a rate of levy, for any one year, for all general city purposes—except for park contingent fund and for library fund—not to exceed three (3) mills on the dollar. They are further authorized to levy for park contingent fund not to exceed two-tenths of one mill for any one year; and for library fund not to exceed four-tenths of one mill for any one year. All other levies for cities of the second class, which are authorized by statute and not specifically named in this section, are hereby limited to one-fifth of the rates so authorized. In cities of the second class for which special acts have been passed the limitations of this section shall not apply so as to prevent the raising of an amount for the general revenue fund of such cities, which, by virtue of said special acts could have been raised in the tax year of 1907 upon assessed valuation of that year."

Chapter 361 of the Laws of 1915 had become effective before the ordinances levying the taxes in question were passed. That law gave cities of the second class authority to levy a tax of three mills on the dollar for general city purposes, but struck out the authority to levy a tax for opening, widening, and bringing to grade all streets, avenues, and alleys, and for building bridges, culverts, and sewers, and for footwalks across

6—105 KAN.

streets, avenues, and alleys. The statute evidently placed the power of cities of the second class to levy taxes for these purposes under the authority to levy taxes for all general city purposes.

Chapter 245 of the Laws of 1909 declared unlawful any tax in excess of the amounts therein authorized, and provided for the punishment of any officer of any taxing district who should violate any of the provisions of the act. The effect of section 20 of chapter 245 of the Laws of 1909 was to repeal section 1715 of the General Statutes of 1915, and to place a new limitation on the power of cities of the second class to levy taxes for general revenue purposes. The amendment of section 20 of chapter 245 of the Laws of 1909, by chapter 361 of the Laws of 1915, did not revive any statute that had been repealed. (Gen. Stat. 1915, § 10973, subdiv. 1.)

The law giving to cities power to levy taxes for general revenue purposes and for street improvements will be noticed. In 1901, the law authorized the levy of five mills on the dollar "for opening, widening and bringing to grade all streets, avenues and alleys, and for building bridges, culverts and sewers, and for footwalks across streets, avenues, and alleys." (Gen. Stat. 1901, § 972.) That law was first amended by chapter 133 of the Laws of 1903, and was again amended by chapter 116 of the Laws of 1905. In each of these amendments the power to levy a five-mill tax for the purposes named was retained; but section 20 of chapter 245 of the Laws of 1909 reduced the tax that could be levied for these purposes to one mill; and by chapter 361 of the Laws of 1915 (Gen. Stat. 1915, § 11373), the power to levy any tax specifically for these purposes was eliminated, and the authority of cities of the second class to levy taxes therefor was placed under the authority to levy taxes for general city purposes.

It follows that when the city of Beloit levied a tax of three mills on the dollar for general revenue purposes it had no authority to levy any additional tax for opening, widening, and bringing to grade streets, etc., or for the improvement of squares and areas formed by the crossing of streets, etc., and the taxes for these purposes were illegal, and, if involuntarily paid, they may be recovered.

2. The defendants argue that chapter 361 of the Laws of 1915 is purely a statute of limitations, and does not authorize

Ames v. Bank.

the levy of any tax. They do not read the statute correctly; it authorizes a rate of three mills on the dollar for general city purposes, and authorizes other rates for other purposes.

3. The defendants contend that, even if the taxes complained of were illegal, the plaintiff cannot recover more than one-half of the amount claimed, for the reason that the taxes were paid on the 20th day of December of each year, and the rebate was thereby secured. The plaintiff, under written protest, paid the taxes on those dates. This question is not a new one. In *Railway Co. v. City of Humboldt*, 87 Kan. 1, 123 Pac. 727, this court said:

"Where an illegal tax is levied on the property of a taxpayer, which he is compelled to and does pay, it is to be regarded as an involuntary payment which he may recover back, but if he pays the whole of such tax prior to December 20 of that year, including the second half, due in June of the following year, the advance payment made to obtain a rebate is deemed to be voluntary, and is therefore not recoverable." (Syl. ¶ 2.)

(See, also, *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587; *A. T. & S. F. Rld. Co. v. City of Atchison*, 47 Kan. 712, 28 Pac. 1000; and *Railway Co. v. Kansas City*, 92 Kan. 300, 140 Pac. 1040.)

The judgment is reversed, and the cause is remanded with directions to the trial court to enter judgment for the plaintiff for the amount paid on the illegal taxes due on December 20, 1915, and on December 20, 1916.