John L. Vratil, Counsel Unified School District No. 229 Building 82, Suite 1000 10851 Mastin Boulevard Overland Park, Kansas 66210
Dear Mr. Vratil:
As legal counsel for Unified School District No. 229, Johnson County (Blue Valley), you request our opinion regarding whether a unified school district may levy a tax pursuant to K.S.A. 2004 Supp. 72-8248 in order to provide moneys for its special liability expense fund, but then, exercising authority under K.S.A. 2004 Supp. 12-2615, transfer the funds to its special reserve fund to be used for the purposes set forth in K.S.A. 2004 Supp. 72-8249.
Determining whether a unified school district may transfer moneys held in its special liability expense fund into its special reserve fund requires interpretation of statutes that were amended in Chapter 116 of the 2003 Session Laws of Kansas.[1] "The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted."[2]
 "In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible."[3]
 "Courts . . . are not limited to examining the language of the statute alone but may also consider the causes that impel the statute's adoption, the statute's objective, the historical background, and the effect of the statute under various constructions."[4]
Prior to July 1, 2003, the governing body of a city, county or school district was authorized to establish a risk management reserve fund from which the governing body could reimburse itself for payment of uninsured losses.[5] Such governing body was also authorized to establish a special liability expense fund to raise moneys for payment of its defense and the defense of employees and for the payment of claims and other direct and indirect costs resulting from implementation of the Kansas Tort Claims Act.[6] The statutes that authorized establishment of the funds designated the sources of moneys that were to be deposited in the respective funds. Moneys held in the governing body's special liability expense fund coul be transferred into the governing body's risk management reserve fund.[7]
However, in enacting Chapter 116 of the 2003 Kansas Session Laws, the Legislature differentiated between the authority of the governing body of a city or county on one hand, and a board of education on the other, when addressing the special liability expense fund and the risk management reserve fund or special reserve fund. Through K.S.A. 2004 Supp. 72-8248
and 72-8249, the Legislature has by statute established in every unified school district a special liability expense fund and a special reserve fund. Moneys in the special liability expense fund established by K.S.A. 2004 Supp. 72-8248 may be used to "(1) [p]ay the cost of providing for [the school district's] defense and the defense of employees pursuant to the Kansas tort claims act and for the payment of claims and other direct and indirect costs resulting from the implementation of such act; and (2) pay judgments rendered against the district,"[8] costs previously payable from the district's special liability expense fund that was established pursuant to K.S.A. 75-6110 (Furse 1997). After enactment of the amendments in Chapter 116, a school district was no longer authorized to pay such costs "from a special liability expense fund established for such purpose pursuant to subsection (b) [of K.S.A. 2004 Supp. 75-6110]." The last sentence of subsection (a) of K.S.A. 2004 Supp. 72-6110 states that "[s]chool districts shall make such payments from the special liability expense fund of the school district."[9] The special liability expense fund of a unified school district is now statutorily established under K.S.A. 2004 Supp. 72-8248 rather than discretionarily established by the board of education pursuant to subsection (b) of K.S.A. 2004 Supp. 75-6110.
"It may be conceded that there is authority in the Legislature to control the finances not only of the state but also of its municipalities, and to provide for the transfer of funds from one to the other, unless prohibited by constitutional limitations."[10] Section 5
of Article 11 of the Kansas Constitution states that "[n]o tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied." The purpose of Article 11, Section 5 is to prevent the levy of a property tax for one purpose and the use of the funds raised thereby for another purpose.[11] While courts in other states have interpreted similar state constitutional provisions as applying only to ordinary and general taxes assessed for state purposes, Kansas courts have determined the provision applies as well to levies assessed at the local level for local purposes.[12]
Moneys that are to be credited to a school district's special liability expense fund established under K.S.A. 2004 Supp. 72-8248 include "any moneys received by the district from any source which may be lawfully utilized for the purposes specified by [K.S.A. 2004 Supp. 72-8248] including the proceeds of tax levies hereinafter authorized and provided."[13] Subsection (c) of K.S.A. 2004 Supp. 72-8248 states:
 "Whenever the governing body of any school district determines that moneys from other sources will be insufficient to pay such costs, the governing body is hereby authorized to levy an annual tax upon all taxable tangible property within the district in an amount determined by the governing body to be necessary for such purpose and to pay a portion of the principal and interest on bonds issued by cities under the authority of K.S.A. 12-1774, and amendments thereto, for the financing of redevelopment projects upon property located in such school district."
Moneys collected through a property tax levied pursuant to K.S.A. 2004 Supp. 72-8248 and deposited in a school district's special liability expense fund may be paid only for those purposes that are distinctly stated in K.S.A. 2004 Supp. 72-8248.
K.S.A. 2004 Supp. 12-2615 does not authorize a potentially unconstitutional transfer of moneys held in a school district's special liability expense fund. Moneys that may be paid into a school district's special reserve fund established under K.S.A. 2004 Supp. 72-8249 are from any source which may be utilized for the purposes for which the special reserve fund is established,[14] "including transfers from the general fund, from any special liability expense fund established in accordancewith the provisions of K.S.A. 75-6110, and amendments thereto, or from any other fund or grant program account of the governmental unit. . . ."[15] As previously noted, the special liability expense fund in question is established by K.S.A. 2004 Supp. 72-8248 rather than pursuant to K.S.A. 2004 Supp. 75-6110. Moneys raised through a property tax levy and deposited into the school district's special liability expense fund that is legislatively established under K.S.A. 2004 Supp. 72-8248 may not be transferred into a school district's special reserve fund and used to pay costs that are not otherwise recognized in subsections (a)(1) and (a)(2) of K.S.A. 2004 Supp. 72-8248.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] See L. 2003, ch. 116, §§ 1, 2, 4, 17.
[2] Krider v. Board of Trustees of Coffeyville Community College,277 Kan. 244, 246 (2004).
[3] Richards v. Schmidt, 274 Kan. 753, 755 (2002) (internal quotation marks and citations omitted).
[4] Cole v. Mayans, 276 Kan. 866, 874 (2003).
[5] K.S.A. 12-2615 (Furse 2001).
[6] K.S.A. 75-6110 (Furse 1997).
[7] K.S.A. 12-2615 (Furse 2001).
[8] K.S.A. 2004 Supp. 72-8248(a).
[9] K.S.A. 2004 Supp. 75-6110(a).
[10] State v. Board of Comm'rs of Saline County, 128 Kan. 437, 439-40
(1929).
[11] State ex rel. Schneider v. City of Topeka, 227 Kan. 115, syl. 3 (1980).
[12] See State v. Board of Thomas County Comm'rs, 122 Kan. 850 (1927);State v. Raub, 106 Kan. 196 (1920); State v. Board of Butler CountyComm'rs, 77 Kan. 527 (1908); State v. City of Emporia, 57 Kan. 710
(1897). See also Attorney General Opinion No. 2004-31; 2003-34; 92-152; 91-37; 85-72; 84-85; 83-37; 82-219; 82-212; 80-170.
[13] K.S.A. 2004 Supp. 72-8248(b).
[14] "Moneys in such fund shall be used to: (1) Pay claims, judgments, expenses and other purposes relating to health care services, disability income benefits and group life insurance benefits as authorized by K.S.A. 72-8415a, and amendments thereto; (2) pay costs relating to uninsured losses; and (3) pay the cost of workers compensation insurance and workers compensation claims, awards, expenses and other purposes authorized by the workers compensation act." K.S.A. 2004 Supp. 72-8249(a).
[15] K.S.A. 2004 Supp. 12-2615(a) (emphasis added).